## SIMON v. CADILLAC MOTOR CAR CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACTION AT LAW NOT MAINTAINABLE WHERE PARTIES SUBJECT TO ACT.

The dependents of a deceased employee may not maintain an action at law for damages resulting from the employee's death, where both employer and employee, at the time of the accident, were subject to the provisions of the workmen's compensation act, since the rights and liabilities of both parties in such case are governed by said act.

Error to Wayne; Dingeman (Harry J.), J.   Sub-

Workmen's Compensation Acts, C. J. § 155.

mitted January 5, 1928; resubmitted March 27, 1928. (Docket No. 81.)    Decided April 3, 1928.

Assumpsit by Helen Simon, an infant, by her next friend, and others against the Cadillac Motor Car Company to recover compensation under the workmen's compensation law.    Judgment for defendant on a directed verdict.    Plaintiffs bring error.    Affirmed.

*Joseph Fabian,* for appellants.

*J. G. Stephenson,* for appellee.

POTTER, J.    Plaintiffs, children and widow of Charles Simon, deceased, sued the Cadillac Motor Car Company to recover damages alleged to have been suffered because of the failure of the defendant to pay proper compensation under the Michigan workmen's compensation law for the death of said Charles Simon.    The declaration alleges that both said Charles Simon and defendant were, at the time of his employment, and at the time of his injuries, subject to the provisions of Act No. 10, Pub. Acts, First Extra Session 1912 (2 Comp. Laws 1915, § 5423 *et seq.*), and amendments thereto.

Both employer and employee being subject to the workmen's compensation law, their rights and liabilities are governed thereby.    This suit cannot be maintained.    Section 5426, 2 Comp. Laws 1915; *Varga* v. *Detroit Edison Co.,* 240 Mich. 593.

Judgment is affirmed, with costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.