WALL v. STUDEBAKER CORPORATION.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ABROGATING PARENT'S RIGHT OF ACTION FOR LOSS OF MINOR'S SERVICES.
The provisions of the workmen's compensation act (2 Comp. Laws 1915, §§ 5429, 5426) giving to minors the same power to contract, as to employment, as adults, and limiting the liability of employers to that provided in the act, abolish a parent's right of action for the loss of services of his minor son injured while legally employed under that act.

2. CONSTITUTIONAL LAW—WORKMEN'S COMPENSATION ACT—ABROGATING PARENT'S RIGHT OF ACTION FOR LOSS OF MINOR'S SERVICES CONSTITUTIONAL.
The provisions of the workmen's compensation act (2 Comp. Laws 1915, §§ 5429, 5426) abolishing the parent's right of action for loss of services of a minor child who is legally employed under the act, is not unconstitutional,

On applicability and effect of workmen's compensation acts in case of injuries to minors, see note in 14 A. L. R. 818.

the parent having no such vested right in the value of the minor's services that it cannot be taken away by the legislature.

Error to Wayne; Goff (John H.), J.   Submitted April 28, 1922.   (Docket No. 5.)   Decided July 20, 1922.

Case by Fred C. Wall against the Studebaker Corporation for loss of wages of minor son in defendant's employ.   Judgment for defendant on a directed verdict.   Plaintiff brings error.   Affirmed.

*Dohany & Dohany,* for appellant.

*Beaumont, Smith & Harris* (*Hal H. Smith* and *Albert E. Meder,* of counsel), for appellee.

McDONALD, J.   The plaintiff is the father of Harry C. Wall, a minor, who was injured on the 3d day of July, 1918, while employed by the defendant.   The defendant is a Michigan corporation engaged in the business of manufacturing automobiles in the city of Detroit.   This suit was brought by the father to recover wages lost by the minor by reason of his injuries.   The case was tried on a stipulated statement of facts, from which it appears that Harry C. Wall suffered injuries to his hand while working on a punch press which was operated by electricity; that the injury was the result of negligence of the defendant; that Harry C. Wall was not guilty of contributory negligence; that he did not assume the risk of his employment; that his injury was not due to any act of negligence of a fellow-servant, and that the damages sustained by the father were $500.   It also appears in the stipulation that on the 17th day of August, 1912, prior to the date of the accident, the defendant filed with the industrial accident board of the State of Michigan its written acceptance of the

provisions of the workmen's compensation act; that thereafter defendant conformed in all respects to the provisions of the act. That at the time it was working under, and was subject to, the provisions of the act; that Harry C. Wall had been in the employ of the defendant for several months before the accident, and that at the time of his hiring, and at no time thereafter, did he, or anybody in his behalf, give any notice in writing to the defendant that he did not consent to come under the provisions of the workmen's compensation act. That after the accident Harry C. Wall made an agreement with the defendant in regard to compensation for loss of wages due to his injuries, in which it was stipulated that he should be paid $10 per week for a total period of 25 weeks.

After this stipulation was made upon the record, upon motion of counsel for defendant, the court directed a verdict of no cause of action on the theory that the workmen's compensation act has abolished the plaintiff's cause of action for loss of services of his minor child while legally employed under that act.

The plaintiff, in appealing to this court, contends that the workmen's compensation act did not abolish the right of action of a father for the loss of the services of his minor son, and that if the statute is to be so construed it is unconstitutional. We think that the plain language of this statute clearly indicates that it was the intention of the legislature to abrogate the parent's right of action for loss of services of his minor child while employed under the compensation act. Part 1, § 7 (2 Comp. Laws 1915, § 5429), enacts that,

"The term 'employee' as used in this act shall be construed to mean:   *   *   *

"2. Every person in the service of another under

any contract of hire  *  *  *  including *minors,* who are legally permitted to work under the laws of the State who, for the purposes of this act, *shall be considered the same and have the same power to contract as adult employees.*"  *  *  *

There can be no mistaking the meaning and effect of this section of the statute.   As to employment under this act, he shall have the same power to contract as an adult.   It removed his minority for the purposes of the act, and invested him with the right to contract for employment and to recover in his own name all the damages resulting from injuries.   By putting him in the adult class, it removed the only basis on which the parent's right of action could be founded, and gave to the minor the right to do for himself all of the things which the parent could do for him.

This view is strengthened by the language of section 4, part 1 of the act (2 Comp. Laws 1915, § 5426), which reads as follows:

"Any employer who has elected, with the approval of the industrial accident board, hereinafter created, to pay compensation as hereinafter provided, *shall not be subject to the provisions of section one; nor shall such employer be subject to any other liability whatsoever,* save as herein provided for the death of or personal injury to any employee, for which death or injury compensation is recoverable under this act, except as to employees who have elected in the manner hereinafter provided not to become subject to the provisions of this act."

Counsel for the plaintiff insist that the language of this section clearly conveys the intent to retain the parent's right of action; that it was the intent to abrogate the common-law liability only when a substitute was provided therefor under the terms of the act.   We cannot so construe it.   The language used is plain and unequivocal and expressly states that an

employer electing to pay compensation, "shall not be subject to any other liability whatsoever."

That this was the intention of the legislature also appears in the title of the act, which reads:

"An act   *   *   *   relating to the liability of employers for injuries or death sustained by their employees, providing compensation for the accidental injury to or death of employees   *   *   *   and *restricting the right to compensation or damages in such cases to such as are provided by this act.*"

Counsel for plaintiff rely on *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich. 8, in which it was said:

"The act provides for the damages of the minor.   It does not indicate that the parent's action for loss of services is affected."

The question we are considering was not directly involved in that case and, as was said in *Hilsinger* v. *Zimmerman Steel Co.*, Iowa (187 N. W. 493):

"The remark   *   *   *   was used argumentatively only in sustaining the constitutionality of the statute,   *   *   *   and can hardly be deemed a precedent upon the question before us."

Some of the courts of other States have passed upon this question, but their decisions naturally rest upon the various statutes, which are not identical with ours.   See *Buonfiglio* v. *Neumann & Co.*, 93 N. J. Law, 174 (107 Atl. 285) ; *Adkins* v. *Supply Co.*, 81 W. Va. 449 (94 S. E. 506) ; *King* v. *Viscoloid Co.*, 219 Mass. 420 (106 N. E. 988, Ann. Cas. 1916D, 1170).

We think that our statute abolishes the parent's right of action for loss of services of a minor child who has chosen to come within the provisions of the act.

Counsel for the plaintiff urge that if the act is to be so construed it is unconstitutional, but have not stated the specific grounds upon which their conten-

tion is based.   We can conceive of no good reason for holding that the act in this respect is unconstitutional. The parent has no such vested right in the value of the minor's services that the legislature cannot take it away.   His right is based upon the minority of the son, and is not superior to the power of the legislature to change or abolish.

In *Adkins* v. *Supply Co., supra,* it was said:

"But this concession (the right of the father to the custody and control of the minor and to the latter's earnings) does not necessarily preclude the exercise of legislative authority to change, modify, or entirely abrogate such right of compensation, or to substitute in lieu thereof another more or.less comprehensive, speedy and convenient mode of obtaining restitution for such deprivation of the minors services."

See, also, *Hilsinger* v. *Zimmerman Steel Co., supra.*

And in *Mackin* v. *Detroit-Timkin Axle Co., supra,* this court, speaking by Mr. Justice STEERE, said:

"It can be assumed without misgiving that there is no vested right in any remedy for a tort yet to happen which the Constitution protects.   Except as to vested rights, the legislative power exists to change or abolish existing statutory and common-law remedies."

We think the act as affecting the parent's right to the minor's services is not unconstitutional.

Judgment is affirmed, with costs to the defendant.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.