## VARGA *v.* DETROIT EDISON CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT — CLAIM DENIED BY DEPARTMENT NOT RECOVERABLE IN ACTION AT LAW.

> Where both employer and employee elect to come under the workmen's compensation act, and a claim thereunder is denied by the department of labor and industry, the claimed compensation may not be recovered in an action at law, since the liability of the employer in such cases is limited to that provided for in the act (2 Comp. Laws 1915, § 5426).

Error to Wayne; Smith (Guy E.), J., presiding. Submitted October 13, 1927.    (Docket No. 107.)    Decided December 1, 1927.

Assumpsit by Elizabeth Varga on behalf of herself and others, infants, as their next friend, against the Detroit Edison Company to recover compensation under the workmen's compensation law.    Judgment for defendant on a directed verdict.    Plaintiffs bring error. Affirmed.

Workmen's Compensation Acts, C. J. § 155.

*Joseph Fabian,* for appellants.

*Oxtoby, Robison & Hull,* for appellee.

SHARPE, C. J.    The declaration alleges that Joseph Varga sustained an accidental injury while in the employ of the defendant in the month of July, 1919.    A claim therefor was presented to and considered by the department of labor and industry, and denied on March 25, 1924.    A petition for review of this order by certiorari was presented to this court, and denied April 24, 1924.    Thereafter, the widow was appointed next friend of the minor children, and brings this action in assumpsit on behalf of herself and as next friend to recover the compensation she claims the department should have awarded.

Both the employer and employee had elected to come under the provisions of the workmen's compensation law.    2 Comp. Laws 1915, § 5423 *et seq.*    Section 5426 provides that in such cases the employer shall not be subject to any other liability for the death or personal injury of an employee than is therein provided for.    *Wall* v. *Studebaker Corp.,* 219 Mich. 434, 437.

The judgment entered on a verdict directed by the trial court is affirmed.

BIRD, FLANNIGAN, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.