### GIEGLING *v.* HELMBOLD.

1. ESTATES—ABUTTING OWNER'S RIGHT OF ACCESS TO HIGHWAY OR ALLEY.

   An abutting owner's right of access to a public street or alley is an interest in the land concerned.

2. QUIETING TITLE—PARTIES.

   A decree quieting title does not extinguish the property rights of persons not made parties to the action.

3. JUDGMENT—RES JUDICATA—PARTIES.

   The doctrine of *res judicata* applies when the issues and the parties or their privies in the prior litigation are identical.

4. SAME—QUIETING TITLE—PARTIES—RES JUDICATA.

   Prior suit in which title to disputed land was quieted in plaintiffs was not *res judicata* of title issue in plaintiffs' suit to enjoin use of such land as a public way and to enjoin interference with fencing thereof, where defendants had not been parties to the prior suit.

REFERENCES FOR POINTS IN HEADNOTES

[2]  44 Am Jur, Quieting Title § 77.
[3]  30A Am Jur, Judgments §§ 363, 397.
[4]  30A Am Jur, Judgments §§ 396, 397.

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 2, 1959. (Docket No. 9, Calendar No. 48,038.) Decided October 13, 1959.

Bill by Henry E. Giegling, Gladys F. Giegling and Edith Gertrude Barnes against Hubert N. Helmbold and Viola Helmbold to enjoin use of parcel of property claimed as public way and to enjoin interference with fencing thereof. Cross bill to set aside previous decree quieting title. Decree for plaintiffs. Defendants appeal. Reversed and remanded.

*Bellairs & Dean* (*C. Rees Dean,* of counsel), for plaintiffs.

*C. M. Van Benschoten,* for defendants.

EDWARDS, J. Defendants and appellants, Mr. and Mrs. Helmbold, appeal from a decree entered by Circuit Judge Gadola. The decree granted plaintiffs, Mr. and Mrs. Giegling and Mrs. Barnes, an injunction and dismissed the Helmbolds' cross bill. The injunction restrained the Helmbolds from removing a fence which the Gieglings, as titleholders under a prior circuit court decree, had erected on a 6′ x 23′ piece of property. The Helmbolds' cross bill sought to dispute plaintiffs' title to the strip, asserting that it was actually part of a public street and that the Helmbolds had rights of ingress and egress across it.

This is the third equity action pertaining to this sliver of property at the end of Edwards Place—a dead-end street in the city of Flint.

The Gieglings own a lot fronting on Edwards Place. The Helmbolds own a lot fronting on Beach street, with the rear abutting the 6′ x 23′ piece at the end of Edwards Place. The Helmbolds' use of a rear driveway across this piece of ground into

Edwards Place occasioned a neighborhood controversy of some magnitude.

In the first chancery action the Gieglings sought to quiet title to the same piece of property in dispute in all of these actions as against the city of Flint and a number of private parties. It is conceded that the Helmbolds were not made parties and had no knowledge of that suit. None of the parties served contested the suit, and Judge Gadola entered a decree quieting title in plaintiffs.

In the second action the Helmbolds were plaintiffs and sought to enjoin the Gieglings' use of the disputed property. The bill of complaint was dismissed on procedural grounds. No appeal was taken. But thereafter Mr. Helmbold simply took the fence down and resumed using the rear driveway.

In the third of these equity actions, after a partial hearing on the matters in dispute, Judge Gadola granted the injunction sought by the Gieglings and dismissed the Helmbolds' cross bill on the ground that the title issue which it sought to present was rendered *res judicata* by the prior decree quieting title in the Gieglings.

The only question to be decided by this appeal is therefore: Could the Helmbolds' claimed right of access, as an abutting property holder to a public street, be adjudicated as to them in a suit in which they were not parties?

Once the question is thus phrased, the answer appears axiomatic. Every man is entitled to his day in court. And, on this record, the Helmbolds have not had theirs.

It has long been decided law in this State that an abutting owner's right of access to a public street or alley is an interest in the land concerned. *Horton* v. *Williams,* 99 Mich 423.

See, also, *Phelps* v. *Stott Realty Co.,* 233 Mich 486.

A decree quieting title does not extinguish the property rights of persons not made parties to the action. *Jenness* v. *Smith,* 58 Mich 280; *Schweikart* v. *Stivala,* 329 Mich 180.

The doctrine of *res judicata* relied upon by the chancellor below applies only when the issues *and the parties* or their privies in the prior litigation are identical. *Tucker* v. *Rohrback,* 13 Mich 73; *Reid* v. *Gooden,* 282 Mich 495.

Since the parties in the action to quiet title were not identical with present parties, the title issue should have been heard in this proceeding.

In fact, the question of title to this small piece of property has never been tried on its merits in any adversary proceeding. Yet there was an adverse party asserting an interest all the while. It is obvious that the plaintiffs herein knew that the Helmbolds were the interested opposite party at the time they brought their bill to quiet title. Much time and effort would have been saved at that point by joining them.

Reversed, decree vacated, and the cause remanded for further hearing. Costs to appellants.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.