## JORDAN *v.* C. A. ROBERTS COMPANY.

OPINION OF THE COURT.

1. PARTIES—WRONGFUL DEATH—WORKMEN'S COMPENSATION—IDEN-
TITY OF PARTIES.

There is no identity of parties between plaintiff, administratrix of estate of her husband, suing in her representative capacity for wrongful death under the wrongful death statute, and plaintiff, widow and sole dependent of her deceased husband, as a party to the proceedings before the workmen's compensation department, acting in her own individual right by virtue of the provisions of the workmen's compensation act (CL 1948 and CLS 1961, § 411.1 *et seq.*; CLS 1961, § 600.2922).

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 58 Am Jur, Workmen's Compensation §§ 50, 51, 65, 484, 493; 30A Am Jur, Judgments § 397.
[4] 30A Am Jur, Judgments §§ 397, 398.
[5-9] 58 Am Jur, Workmen's Compensation §§ 64–67.
    Submission of rejected claim under workmen's compensation act as affecting independent action for death or injury. 36 ALR 1293.
    Application for and acceptance of benefits under workmen's compensation act as affecting right of action against employer independently of that art. 50 ALR 223.
[10, 11] 58 Am Jur, Workmen's Compensation §§ 65, 493.
[12, 13] 58 Am Jur, Workmen's Compensation §§ 50, 51, 65, 484, 493; 30A Am Jur, Judgments § 397; 22 Am Jur 2d, Death § 97.
[14] 58 Am Jur, Workmen's Compensation § 132.
[15] 58 Am Jur, Workmen's Compensation §§ 50, 51.
[16-20] 58 Am Jur, Workmen's Compensation §§ 50, 51, 65, 137, 493; 22 Am Jur 2d, Death § 97.
[21] 22 Am Jur 2d, Death § 98.
[22] 22 Am Jur 2d, Death §§ 194, 198.
[23] 22 Am Jur 2d, Death §§ 100–102.
[24] 22 Am Jur 2d, Death § 97.

2. Judgment—Res Judicata—Workmen's Compensation—Wrongful Death—Identity of Parties.

The doctrine of *res judicata* has no application to a situation where the party in a former action in her own individual right pursued a remedy under the workmen's compensation statute, and in the later case sues in her representative capacity as administratrix for wrongful death, there being no identity of the parties (CL 1948 and CLS 1961, § 411.1 *et seq.*; CLS 1961, § 600.2922).

3. Election of Remedies—Workmen's Compensation—Wrongful Death—Identity of Parties.

Widow's proceeding in her individual capacity under the workmen's compensation act and recovery of benefits thereunder did not constitute an election of remedies barring her from suing same defendant under the wrongful death act in her capacity as administratrix of her husband's estate, since there was no identity of person or entity in the plaintiff (CL 1948 and CLS 1961, § 411.1 *et seq.*; CLS 1961, § 600.2922).

4. Same—Decision by Same Person or Entity.

An election of remedies necessarily involves a decision by one and the same person or entity.

5. Workmen's Compensation—Rights of Parties—Exclusive Remedy.

Once there has been an adjudication of the rights of parties under the workmen's compensation act, that remedy becomes the exclusive one (CL 1948, §§ 411.4, 416.1).

6. Same—Voluntary Payment of Benefits—Negligence.

Payment of voluntary weekly compensation benefits does not constitute a determination of employee status under the workmen's compensation act so as to bar an action for negligence.

7. Same—Acceptance of Voluntary Payments—Independent Contractor—Negligence.

Acceptance of compensation benefits voluntarily paid and a subsequent attempt to obtain an award of compensation do not bar a suit for negligence by a person in fact having the relation of an independent contractor.

8. Same—Award—Illegally Employed Minor—Negligence.

A purported determination and award of compensation by workmen's compensation department to an illegally employed minor does not bar a suit for negligence by the minor.

9. SAME—INJURED EMPLOYEE—ACTION IN WRONG FORUM.

An injured employee, who has mistakenly brought an action in circuit court against his employer for damages, is not precluded from making a claim for workmen's compensation benefits.

10. SAME—FINAL DETERMINATION OF JURISDICTION—AFFIRMATIVE DEFENSES.

Proceedings under the workmen's compensation act resulting in a determination of jurisdiction from which no appeal is taken by the adverse party, may be raised as an affirmative defense by the employer in action subsequently begun against him under the death act (CL 1948 and CLS 1961, § 411.1 *et seq.*; CLS 1961, § 600.2922).

11. JUDGMENT — ACCELERATED JUDGMENT — WORKMEN'S COMPENSATION.

Grant of accelerated judgment for defendant employer in action by administratrix under death act for damages because of previous determination and redemption by workmen's compensation department *held*, proper, where the unappealed order of the hearing referee constitutes a final and conclusive determination of the liability of the defendant employer arising out of the death of plaintiff's decedent (CL 1948 and CLS 1961, § 411.1 *et seq.*; CLS 1961, § 600.2922; GCR 1963, 116).

DISSENTING OPINION.

T. M. KAVANAGH and SOURIS, JJ.

12. PARTIES—COLLATERAL ESTOPPEL—RES JUDICATA—ELECTION OF REMEDIES—DEATH—WORKMEN'S COMPENSATION.

*The principles of collateral estoppel,* res judicata, *and election of remedies do not apply in an action brought by the widow of a decedent as the legal representative of her husband's estate, where the widow had pursued a remedy given to her as widow by the workmen's compensation act, in earlier proceedings, because the deceased widow and the personal representative of his estate, whoever it be, are distinct entities in law, and the estate's legal representative was not a party to the workmen's compensation proceeding (CL 1948 and CLS 1961, § 411.1 et seq.; CLS 1961, § 600.2922).*

13. WORKMEN'S COMPENSATION—WRONGFUL DEATH—PARTIES.

*The fact that decedent's widow perfected a claim for workmen's compensation benefits as a dependent is irrelevant to the availability of the remedy of an action for wrongful death, brought by the widow as administratrix of the decedent's estate, in a case*

*where the decedent's estate was not a party to the workmen's compensation proceeding (CL 1948 and CLS 1961, § 411.1 et seq.; CLS 1961, § 600.2922).*

14. SAME—LIABILITY—CONDITIONS.

*One of the conditions of liability under the workmen's compensation act is that the relationship of employment between the injured person and the party sought to be held liable must exist (CL 1948, § 411.2).*

15. SAME—EXCLUSIVE REMEDY.

*Only when the conditions of liability under the workmen's compensation act do in fact exist does that act. provide the exclusive remedy (CL 1948, § 411.4).*

16. SAME—LIABILITY—PLEADING.

*Complaint which alleged facts from which it could be found. upon trial that decedent was an independent contractor and not an employee of defendant alleged that one of. the conditions of liability under the workmen's compensation act did not exist, and if such allegations were true, workmen's compensation statute would not bar a wrongful death action (CL 1948, § 411.4; CLS 1961, § 600.2922).*

17. SAME—APPLICABILITY—PLEADING.

*Answer in wrongful death action which alleged that plaintiff's decedent was an employee of defendant, and that the workmen's compensation act provided the whole remedy, raised a disputed question of fact in a case where the complaint alleged facts from which it could be found the decedent was an independent contractor and not an employee of defendant (CL 1948, § 411.4; CLS 1961, § 600.2922).*

18. DEATH—QUESTION FOR JURY—WORKMEN'S COMPENSATION—ACCELERATED JUDGMENT—RELEASE.

*Plaintiff in wrongful death action was entitled to jury trial of disputed issue of fact whether plaintiff's decedent was employee of defendant in case where plaintiff had timely demanded a jury trial, and defendant's motion for accelerated judgment was based on agreement to redeem liability made between plaintiff in her capacity as widow of decedent and defendant in prior workmen's compensation proceeding (CL 1948, § 411.4; CLS 1961, § 600.2922; GCR 1963, 116.1, 116.3).*

19. JUDGMENT—DISMISSAL AND NONSUIT—DEATH—WORKMEN'S COMPENSATION—INDEPENDENT CONTRACTOR—ACCELERATED JUDGMENT.

*Accelerated judgment dismissing complaint for wrongful death brought by widow of decedent as administratrix of his · estate,*

*in case where widow had made a claim against defendant in her capacity as widow and dependent of decedent before the workmen's compensation appeal board which entered liability redemption agreement, was error, where complaint alleged facts from which it could be found that decedent was an independent contractor and not an employee of defendant and that, therefore, conditions of liability under workmen's compensation act did not exist (CL 1948, § 411.4; CLS 1961, § 600.2922; GCR 1963, 116).*

### DISSENTING OPINION.
### BLACK, J.

20. JUDGMENT—DISMISSAL AND NONSUIT—DEATH—WORKMEN'S COMPENSATION—INDEPENDENT CONTRACTOR—ACCELERATED JUDGMENT.

*Accelerated judgment dismissing complaint for wrongful death, brought by widow of decedent as administratrix of his estate, in case where widow had made a claim against defendant in her capacity as widow and alleged sole dependent of decedent before workmen's compensation appeal board which entered liability redemption agreement, was error, where complaint raised a question of fact as to whether decedent was an employee of defendant or an independent contractor (GCR 1963, 116).*

21. DEATH—PARTIES.

*One of several beneficiaries of a right of action for wrongful death may not destroy the statutory right or do more than eliminate himself, in whole or in part, as beneficiary and distributee of such right.*

22. PARTIES—DEATH—WORKMEN'S COMPENSATION.

*The widow of a decedent is a distinct and separate legal entity from such person in her capacity as administratrix of his estate while proceeding under the wrongful death act, since in the latter capacity she is a statutory trustee of and for all of the statutory beneficiaries and in the former capacity she was, at the time the decedent expired and as of the time of redemption under the workmen's compensation act, simply one of the beneficiaries (CL 1948, § 411.1 et seq., as amended).*

23. DEATH—DAMAGES—RELEASE.

*The damages allowable to a decedent's personal representative under the wrongful death act are not subject to release or other acquittance by anyone except upon proceedings had in conformity with the death act as amended and probate code as amended (CLS 1961, § 600.2922, as amended by PA 1965, No 146; CL 1948, § 702.115, as amended by PA 1965, No 181).*

24. Judgment—Accelerated Judgment—Parties—Death—Work-
men's Compensation.

> Accelerated judgment for defendant in action by administratrix
> of estate of her deceased husband was error, where she alleged
> that decedent had left surviving not only his widow, but also
> a son and daughter who sustained damages as a result of
> defendants' negligence, and former proceedings resulting in
> a redemption agreement as to workmen's compensation had
> been brought by her as widow and claimed sole dependent of
> deceased (CL 1948, § 411.1 et seq., as amended; CLS 1961,
> § 600.2922, as amended by PA 1965, No 146; GCR 1963,
> 116).

Appeal from Court of Appeals, Division 1; Lesin-
ski, C. J., Watts and Quinn, JJ., affirming Wayne,
Gilmore (Horace W.), J. Submitted October 6,
1966. (Calendar No. 9, Docket No. 51,391.) De-
cided June 6, 1967. Rehearing granted July 21,
1967. See 381 Mich 91.

2 Mich App 113, affirmed.

Complaint by Thelma Leola Jordan, administra-
trix of the estate of John C. Jordan, against C. A.
Roberts Company, a foreign corporation, and others
for damages under the death act (CLS 1961, § 600-
.2922 for her husband's death. Accelerated judg-
ment for defendant C. A. Roberts Company. Plain-
tiff appealed. Judgment affirmed by Court of Ap-
peals. Plaintiff appeals. Affirmed.

Albert Lopatin (Norman L. Zemke, of counsel),
for plaintiff.

Alexander, Buchanan & Conklin (Floyd Westcott,
of counsel) for defendant C. A. Roberts Company.

Adams, J. John C. Jordan, husband of plaintiff,
was killed on September 28, 1960, while attempting

to repair a crane owned by C. A. Roberts Company. In proceedings before the workmen's compensation department in February, 1961, Thelma Jordan represented that she was the widow and sole dependent of John C. Jordan, deceased, and she and C. A. Roberts Company represented that "John C. Jordan was an employee of C. A. Roberts Company and on or about September 28, 1960, he received an injury arising out of and in the course of his employment." On February 24, 1961, a redemption order was entered by a hearing referee. Liability was redeemed for $6,774.

On June 25, 1963, Thelma Leola Jordan, administratrix of the estate of John C. Jordan, deceased, commenced this suit for wrongful death, alleging that John C. Jordan was killed as a result of the negligence of the defendants and that he left surviving him a wife, a son and a daughter who sustained damages as a result of defendant's negligence. The trial judge held:

"In making the claim and receiving workmen's compensation, the plaintiff administratrix had to establish to the satisfaction of workmen's compensation commission that her husband was an employee of the C. A. Roberts Company. Having made that determination and then having had a redemption order entered, the plaintiff is bound by such determination. No appeal was taken from the compensation proceedings, and its finding, having become final and unappealed from, is *res judicata*. It may not now be attacked by the plaintiff herself who has received benefits through the workmen's compensation proceeding."

Motion for accelerated judgment[1] in favor of defendant C. A. Roberts Company prior to trial was granted. From affirmance thereof by the Court of

---

[1] See GCR 1963, 116.—REPORTER.

Appeals, appeal has been taken to this Court by leave granted.

The Court of Appeals stated the issue as follows:

"Does a workmen's compensation redemption order, followed by acceptance and payment thereunder, from which no appeal has ever been taken estop the beneficiary, or others, from collateral attack on findings necessary to validity of said order?" 2 Mich App 113, 114.

While we agree with the conclusion of the trial judge and of the Court of Appeals, we predicate our decision upon the nature of the remedy under the workmen's compensation statute rather than upon an estoppel or a holding that the decision of the workmen's compensation department was *res judicata*.

I.

Some of the confusion in this case arises from the fact that Thelma Jordan, widow and sole dependent of John C. Jordan, deceased, was a party to the proceedings before the workmen's compensation department and Thelma Leola Jordan, administratrix of the estate of John C. Jordan, deceased, is the plaintiff in this present action. Thelma Jordan, party to the workmen's compensation proceedings, acted in her own individual right by virtue of the provisions of the compensation act. CL 1948 and CLS 1961, § 411.1 *et seq.* (Stat Ann 1960 Rev and Stat Ann 1963 Cum Supp § 17.141 *et seq.*). Thelma Leola Jordan, administratrix of the estate of John C. Jordan, deceased, is the legally appointed representative of John C. Jordan, deceased, suing in her representative capacity for wrongful death by virtue of the provisions of the wrongful death statute. CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A.2922). She brings such an action for the

benefit of those persons who are entitled to share in a recovery—in this case, it is claimed, John C. Jordan's wife, two children and his creditors. Legally there is no identity whatsoever between the above parties. They are complete strangers.

There being no identity of the parties, the doctrine of *res judicata* is inapplicable. 170 ALR 1181; *Tucker* v. *Rohrback* (1864), 13 Mich 73; *Bankers Trust Company of Muskegon* v. *Forsyth* (1934), 266 Mich 517; *Reid* v. *Gooden* (1937), 282 Mich 495; *Gumienny* v. *Hess* (1938), 285 Mich 411; *Sovereign* v. *Sovereign* (1958), 354 Mich 150, 154; *Giegling* v. *Helmbold* (1959), 357 Mich 462, 465.

## II.

Since in the eyes of the law Thelma Jordan, widow of John C. Jordan, deceased, and Thelma Leola Jordan, administratrix of the estate of John C. Jordan, deceased, have a separate existence, there cannot have been an election of remedies. An election involves a decision by one and the same person or entity.[2]

## III.

The workmen's compensation act gives certain statutory benefits to employees and their dependents. The wrongful death act supplies a cause of action for damages in cases of wrongful death.

In *Moran* v. *Nafi Corporation* (1963), 370 Mich 536, 545, 546, this Court construed the provisions of the workmen's compensation act to provide an exclusive remedy:

---

[2] It may be noted that the treatment of similar cases in terms of election of remedies occurred when there was an identity of parties. See *Smith* v. *Port Huron Gas & Electric Co.* (1922), 217 Mich 519 (21 NCCA 401), decided before the amendment to section 15 of part 3 of PA 1912 (1st Ex Sess), No 10, by PA 1952, No 155 (CLS 1961, § 413.15 [Stat Ann 1960 Rev § 17.189]).

"Permitting the maintenance of actions for damages in instances where the injured employee is entitled to, and has received, compensation under the statute would clearly be at variance with the express language as enacted by the legislature. Such an interpretation would mean that a dependent or other person claiming injury because of disability sustained by the employee might maintain suit to recover. No issue of such character was involved in *Mackin* v. *Detroit-Timkin Axle Co.,* 187 Mich 8, as was pointed out by the Court in somewhat ambiguous language. The question was, however, squarely presented in *Wall* v. *Studebaker Corporation,* 219 Mich 434, in which the parent of a minor employee who received compensation for injuries sustained in his employment brought suit for loss of the son's wages to which the parent claimed he was entitled. The Court quoted with approval part 1, § 4, of the statute as it then read, and stated (p 436):

" 'We think that the plain language of this statute clearly indicates that it was the intention of the legislature to abrogate the parent's right of action for loss of services of his minor child while employed under the compensation act.' "

For a recent discussion by this Court of the nature of the remedy, see, also, *Husted* v. *Consumers Power Company* (1965), 376 Mich 41, 52–56. Once there has been an adjudication of the rights of parties under the workmen's compensation act, that remedy becomes the exclusive one.

Plaintiff contends that the exclusive nature of the remedy under the act applies only when there has been a contested adjudication of rights. Such a holding would be contrary to the provisions of the act:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive

remedy against the employer." CL 1948, § 411.4 (Stat Ann 1960 Rev § 17.144).

"If the employee, or his dependents, in case of his death, of any employer subject to the provisions of this act files any claim with, or accepts any payment from such employer, or any insurance company carrying such risks, or from the commissioner of insurance on account of personal injury, or makes any agreement, or submits any question to arbitration under this act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury." CL 1948, § 416.1 (Stat Ann 1960 Rev § 17.212).

The above provisions of the act were construed by the United States court of appeals, 6th Circuit, in *Pfeifer* v. *GMC Truck & Coach Division* (CA 6, 1958), 255 F2d 40. In that case the mother of the decedent received a compensation award as a dependent. The court of appeals held that the district court correctly dismissed an action against the employer by decedent's administrator for wrongful death. For the same holding, see, also, *Gray* v. *Brown & Sehler Co.* (1918), 200 Mich 177.

Care should be taken to note that not all so-called proceedings under the workmen's compensation act are such as to make the act the exclusive remedy. Payment of voluntary weekly compensation benefits does not constitute a determination of employee status under the act so as to bar an action for negligence. *Chaffee* v. *Stenger* (1960), 361 Mich 57. Acceptance of benefits voluntarily paid and a subsequent attempt to obtain an award of compensation were held not to bar a suit for negligence by a person in fact having the relation of an independent contractor. *Holcomb* v. *Bullock* (1958), 353 Mich 514. Where a minor is illegally employed so as not to come within the provisions of the workmen's compensation act, it does not apply so as to

bar a suit for negligence even after a purported
settlement which was approved by the industrial
accident board.[3] *Grand Rapids Trust Co.* v. *Petersen Beverage Co.* (1922), 219 Mich 208. See, also,
*Brabon* v. *Gladwin Light & Power Co.* (1918), 201
Mich 697.

In *Viaene* v. *Mikel* (1957), 349 Mich 533, where
an injured employee mistakenly brought an action
for damages, he was held not to be precluded from
making claim for workmen's compensation.

The determination of the proper forum must initially be made by one or more of the interested
parties. If proceedings are had under the workmen's compensation act resulting in a determination of jurisdiction from which no appeal is taken
by the adverse party, such action may be raised by
the employer in bar where a suit is subsequently
begun against him under the death act. It is in
the nature of an affirmative defense and, if raised,
is not subject to collateral attack as to proceedings
before the workmen's compensation department.

In the present case, the unappealed order of the
hearing referee constitutes a final and conclusive
determination of the liability of the defendant arising out of the death of John C. Jordan. The decision of the Court of Appeals, for the reasons herein
stated, is affirmed. Costs to the appellee.

DETHMERS, C. J., and KELLY and O'HARA, JJ.,
concurred with ADAMS, J.

SOURIS, J. (*dissenting*). The principles of collateral estoppel, *res judicata* and election of rem-

---

[3] For statutory provisions relative to transfer of powers of the
industrial accident board, here referred to, see CLS 1961, § 408.9,
as amended by PA 1965, No 139 (Stat Ann 1965 Cum Supp § 17.6
[15]), CLS 1961, § 408.10 (Stat Ann 1960 Rev § 17.6[16]); and
P.A 1965, No 380, § 378 (CL 1948, § 16.478 (Stat Ann 1965 Cum
Supp § 3.29[378]).—REPORTER.

edies are inapplicable to this case. This is so because deceased's widow and the personal representative of his estate, whoever it be, are distinct entities in law, and the estate's legal representative, in such capacity, was not a party to the workmen's compensation proceeding. To this extent only do I agree with Mr. Justice ADAMS' opinion in this appeal.

Justice ADAMS holds that section 4, part 1 of the workmen's compensation law[1] bars the personal representative of deceased's estate from maintaining an action at law under our wrongful death act[2] because deceased's widow was awarded benefits, by redemption agreement and order, under our workmen's compensation law.

Section 4, part 1 reads as follows:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer."

Since collateral estoppel, *res judicata* and election of remedies are inapplicable in this case, the fact that deceased's widow perfected a claim for workmen's compensation benefits as a dependent is irrelevant to the availability of any other remedy, as I read the quoted statutory language. The crucial issue presented by that statutory provision, instead, is whether the conditions of liability under the workmen's compensation law exist in the factual context of these proceedings. One of the conditions of liability under that law is the relationship of employment between the injured person and the party sought to be held liable therefor.

Thus, had the personal representative of deceased's estate pleaded such an employment rela-

---

[1] CL 1948, § 411.4 (Stat Ann 1960 Rev § 17.144).
[2] CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A.2922).

tionship in her complaint, or otherwise admitted it at the time accelerated judgment was granted, the trial judge might have been able at that stage to determine as a matter of law that the conditions of liability under the act did exist and, therefore, that this action was barred by section 4, part 1. See *Moran* v. *Nafi Corporation* (1963), 370 Mich 536; *Varga* v. *Detroit Edison Co.* (1927), 240 Mich 593; *Wall* v. *Studebaker Corporation* (1922), 219 Mich 434; and *Pfeifer* v. *GMC Truck & Coach Division* (CA6, 1958), 255 F2d 40. But she did not so plead; instead, she alleged facts from which it could be found upon trial that deceased was an independent contractor and not an employee of defendant. If this allegation be found to be true, then the conditions of liability under the act would not exist and section 4, part 1 would not bar this wrongful death action.[3] Defendant's answer alleged, on the other hand, that the deceased was its employee. If this allegation be found to be true, then the conditions of liability under the act might exist and section 4, part 1 might bar plaintiff's recovery under the wrongful death act. However, the issue cannot be determined from these pleadings which, at best, merely create a disputed question of fact. Defendant's motion for accelerated judgment asserted grounds therefor which are specified in GCR 1963, 116.1(5), as to which GCR 1963, 116.3 provides that if a jury trial has been demanded, as it was by plaintiff here, determination of any disputed facts shall be postponed until the trial on the merits of

---

[3] We have held that actions at law may be maintained, when the conditions of liability under the workmen's compensation law do not in fact exist, even after the injured person has received voluntary payments of compensation benefits from the party sought to be held liable for negligence at law. *Chaffee* v. *Stenger* (1960), 361 Mich 57, and *Holcomb* v. *Bullock* (1958), 353 Mich 514. These cases emphasize the point that it is only when the conditions of liability under the act do in fact exist that the act provides the exclusive remedy.

the case. Under the circumstances, the accelerated judgment dismissing this case was premature, since plaintiff was entitled to a jury determination of the disputed question of the deceased's status at the time of his fatal injury before section 4, part 1 of the workmen's compensation act could be invoked to bar her remedy under the wrongful death act.

For the foregoing reasons, I would reverse the judgments of the Court of Appeals and the circuit court and remand this case for further proceedings not inconsistent with this opinion. Furthermore, I would award plaintiff her costs.

T. M. Kavanagh, J., concurred with Souris, J.

Black, J. (*dissenting*). I agree with Justice Souris that this accelerated judgment was accelerated too much for any semblance of due process. If not a glaring part, the judgment borders at least a developing picture of summary judgment gone mad in our metropolitan circuit.

No thought seems to have been given to the rather elementary principle that one of several beneficiaries of a right of action for wrongful death may not, as claimed defensively here, destroy the statutory right or do more than eliminate himself—in whole or in part—as beneficiary and distributee of such right. As said by the Brethren writing thus far, this decedent's widow and this decedent's personal representative are distinct and separate entities so far as the pleaded right is concerned. One is a statutory trustee of and for all of the statutory beneficiaries (*MacDonald* v. *Quimby,* 350 Mich 21). The other, as of the time the decedent expired and as of the time of redemption under the workmen's

compensation law,* was simply one of those beneficiaries.

There also is a little matter of damages that may be recovered on behalf of the decedent's estate. These are statutorily allowable to the decedent's personal representative as such, for the benefit of the estate (CL 1948, § 691.582 [Stat Ann 1959 Cum Supp § 27.712]); PA 1961, No 236, § 2922 (CLS 1961, § 600.2922 [Stat Ann 1962 Rev § 27A.2922]), amended by PA 1965, No 146 (Stat Ann 1965 Cum Supp § 27A.2922), and are not subject to release or other acquittance by anyone excepting upon proceedings had in conformity with the cited act of 1965 or its derivative, PA 1965, No 181, amending CL 1948, § 702.115 (Stat Ann 1965 Cum Supp § 27.3178[185]).

One fact in particular stands out from this record. It should have dictated prompt denial of this motion for accelerated judgment. It is that the parties are in agreement that plaintiff's complaint alleges what all three courts must presently accept as true, that is:

"Plaintiff averred that decedent left surviving not only his wife (plaintiff and administratrix), but also a son and daughter, who sustained damages as a result of defendants' negligence."

*Ayers v. Genter,* 367 Mich 675, and *Moran v. Nafi Corporation,* 370 Mich 536, cited by the courts below in support of the judgment as entered and affirmed, are not in point. Both were personal injury actions, not statutory actions for wrongful death.

My vote is cast to reverse and remand for entry of order denying the aforesaid motion. Plaintiff should have costs of both appellate courts.

Brennan, J., did not participate in the decision of this case.

---

* CL 1948, § 411.1 *et seq.,* as amended (Stat Ann 1960 Rev and Stat Ann 1963 Cum Supp § 17.141 *et seq.*).—Reporter.