ALTVATER, Admx., Appellant,

v.

CLAYCRAFT COMPANY, Appellee.

[Cite as *Altvater v. Claycraft Co.* (1991), 71 Ohio App.3d 264.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–999.

Decided March 12, 1991.

*Murray & Murray Co., L.P.A.,* and *W. Patrick Murray,* for appellant.

*Taft, Stettinius & Hollister, Michael A. Byers* and *Mark A. Ferguson,* for appellee.

---

STRAUSBAUGH, Judge.

This is an appeal from an order of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant, Claycraft Company, and dismissing a wrongful death action and survivorship action brought by plaintiff, Viola Altvater, administratrix of the estate of Robert K. Altvater.

On August 10, 1984, plaintiff filed a complaint alleging that the intentional conduct of defendant, in exposing plaintiff's husband, Robert K. Altvater, to silica and other respirable dusts, proximately caused his death.[1] On June 30, 1989, defendant filed a motion for summary judgment, asserting that: (1) plaintiff's claim is barred by the doctrine of *res judicata;* and (2) defendant's actions did not constitute an intentional tort.

Defendant's contention that plaintiff's claim was barred by *res judicata* was based upon a finding by the Industrial Commission of Ohio ("commission") regarding a workers' compensation claim initiated by plaintiff. The record indicates that in March 1984 plaintiff, prior to filing her complaint before the trial court, filed for death benefits under Ohio's workers' compensation laws. Plaintiff's claim for death benefits before the commission alleged that the death of Robert Altvater was caused by silicosis resulting from his employment with defendant. The commission denied plaintiff's claim based upon a determination that although Robert Altvater had contracted silicosis, his death was primarily caused by chronic obstructive pulmonary disease ("COPD"), a condition found not to be related to his occupation.

By entry dated August 2, 1989, the trial court granted summary judgment for defendant. The judgment of the trial court states in relevant part:

" * * * Plaintiff, as the Administratrix of Robert K. Altvater's estate, has brought the instant action claiming that Defendant Claycraft intentionally and tortiously caused the death of her husband. The basis for that claim is the contention that the environment while working at Claycraft created silicosis which in turn caused Mr. Altvater's death.

"Claycraft relies upon the Industrial Commission's finding as a basis for asserting *res judicata*/collateral estoppel as to the cause of death of Mr. Altvater. In support of this contention, Defendant Claycraft cites the case of *Smertka v. Hogen Ind., Inc.,* No. 11–265, 11th District Court App., Sept. 26,

---

1. Plaintiff's complaint was filed prior to the passage of R.C. 4121.80.

1986 (unreported). While this case is not binding upon the Court, the rationale expressed is persuasive.

"The Court is aware that the question of intent was not before the Commission. Whether there were intentional actions as defined by the cases dealing with occupational intentional torts is not dispositive of this action. The question of proximate cause was clearly a part of the Commission's Decision and the opportunity to litigate that issue was exercised. There is no reliable evidence to indicate that the Commission's Decision was modified by any settlement. The undisputed evidence presented establishes that the order of the Commission stills [*sic*] stands affirmed.

"The rationale for the application of *res judicata* and the companion doctrine of issue preclusion through collateral estoppel is to establish a legal tool to eliminate redundancy and inconsistency. The doctrines are also the basis for bringing contested legal issues to a final conclusion. The Industrial Commission specifically found that Mr. Altvater's death was caused by chronic pulmonary disease not related to silicosis.

"Plaintiff's Memorandum Contra identifies factors indicating the inability to show that Defendant intentionally subjected Mr. Altvater to hazardous conditions, thus causing silicosis and death. The medical evidence before the Commission corroborates that Mr. Altvater had silicosis. The undeniable finding of the Commission is that Mr. Altvater's death was not a result of silicosis. Therefore, exposure, whether intentional or not, causing silicosis does not allow the Court to reconsider the earlier determination of a lack of proximate cause.

"Plaintiff's claim is 'for a loss of consortium, earnings, services, grief, etc., as a result of the wrongful death of Robert Altvater' * * *. The Commission has considered silicosis in relationship to Mr. Altvater's death and determined no proximate relationship.

"The Court, upon review of the evidence * * * finds that summary judgment is proper and Plaintiff's claim must be dismissed."

On appeal, plaintiff sets forth the following three assignments of error for review:

"A. The trial court erred in granting defendant, Claycraft's motion for summary judgment on the basis that the legal doctrines of *res judicata*/collateral estoppel would bar an employee intentional tort action after a common pleas court had dismissed without prejudice an appeal of an Industrial Commission decision.

"1. In order for the legal doctrines of *res judicata*/collateral estoppel to be applicable, the points or questions in dispute must have been actually

litigated and determined in the prior action. When a case is dismissed without prejudice due to the fact that the parties have represented to the court that the case is settled, the points or questions in dispute have not been litigated or determined.

"2. The September 8, 1986 Wyandot County Common Pleas Court judgment entry, and the Industrial Commission decision of September 4, 1987, are not binding upon either party in the litigation since both parties did not have a full and fair opportunity to argue their version of the facts in the workers' compensation action.

"3. It is improper for a court to apply the doctrine of *res judicata*/collateral estoppel when different parties or their privies are involved in the subsequent action.

"B. The trial court erred in granting defendant, Claycraft's, motion for summary judgment as to all plaintiff's claims. Even if collateral estoppel were applicable, it would apply only to plaintiff's wrongful death claim, not plaintiff's survivorship claim.

"C. Under Article I, Section 5, of the Ohio Constitution, the parties to civil litigation have a constitutional right to a jury trial. The trial court erred in granting defendant's motion for summary judgment, thereby denying the plaintiff her right to a jury trial through the application of the doctrine of administrative *res judicata.*"

Summary judgment is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. In determining whether summary judgment is proper, a tripartite demonstration has been adopted by the Supreme Court of Ohio:

" * * * (1) [T]hat there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

Summary judgment " * * * must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. * * *" *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 2, 433 N.E.2d 615, 616.

Plaintiff's first and second assignments of error are interrelated and will be addressed together. Plaintiff's first assignment of error asserts that the trial

court erred in granting defendant's motion for summary judgment based upon the doctrines of *res judicata* or collateral estoppel. While plaintiff raises essentially three different arguments under her first assigned error, our focus is upon plaintiff's contention that the court erred in applying *res judicata* or collateral estoppel where there was a lack of identity of parties or their privies between the present intentional tort action and plaintiff's prior workers' compensation proceeding. More specifically, plaintiff argues that in plaintiff's claim for workers' compensation death benefits, pursuant to R.C. 4123.-59, the only apparent dependent under that claim, as defined by statute, was plaintiff. Plaintiff asserts, however, that the wrongful death action filed by plaintiff as administratrix of Robert Altvater's estate was brought on behalf of all next of kin, and would have included Robert Altvater's adult children. Plaintiff maintains that inasmuch as individuals who potentially might benefit from the wrongful death action had no interest or control over plaintiff's claim for workers' compensation death benefits, such individuals should not be penalized or bound by that action through *res judicata* or collateral estoppel. We agree.

Under Ohio law, " * * * the defenses of *res judicata* or collateral estoppel are operative in a second suit only when there is an identity of issues and an identity of parties or their privies in both the first and second suit. * * *" *Whitehead v. Genl. Tel. Co.* (1969), 20 Ohio St.2d 108, 113, 49 O.O.2d 435, 438, 254 N.E.2d 10, 13. See, also, *Beatrice Foods Co. v. Lindley* (1982), 70 Ohio St.2d 29, 35, 24 O.O.3d 68, 71, 434 N.E.2d 727, 731 (" * * * In order for either doctrine to apply, there must be an identity of parties and issues in the proceedings. * * * ").

The trial court, in determining that *res judicata* or collateral estoppel barred plaintiff's wrongful death action, relied upon the case of *Smertka v. Hogen Industries* (Sept. 26, 1986), Lake App. No. 11–265, unreported, 1986 WL 10598. In *Smertka*, the plaintiff brought an intentional tort action against his employer, alleging that he was required to work in a toxic atmosphere. The defendant-employer moved for partial summary judgment, contending in part that the plaintiff's allegations had been finally and bindingly adjudicated by an Industrial Commission determination that the plaintiff's respiratory ailments did not proximately result from exposure to fumes at his workplace.

In *Smertka*, the court held that the issue preclusion aspect of *res judicata* applied as to the plaintiff's prior workers' compensation claim. In reaching this conclusion, the *Smertka* court distinguished the facts in that case with the holding of the Supreme Court of Ohio in *Jones v. VIP Development Co.* (1984), 15 Ohio St.3d 90, 15 OBR 246, 472 N.E.2d 1046. In *Jones, supra,* at

100, 15 OBR at 254, 472 N.E.2d at 1055, the court held that the conclusion of the Industrial Commission that an injury arose out of the employment will not preclude a claimant, under the doctrines of *res judicata* or collateral estoppel, from pursuing a remedy for an intentional tort.

In *Smertka, supra,* at 16, the court distinguished the holding in *Jones,* stating:

"The specific issue which the Supreme Court held not to be precluded from litigation in a *Blankenshp*– [v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572] type case in its *Jones* decision is not the issue which defendant herein sought to preclude plaintiff from relitigating in the court below. In *Jones,* the Supreme Court's 'no estoppel' ruling was restricted to the single issue of whether the employer's action was intentional; an issue not germane to the right of participation according to the *Jones* majority. In the instant case, however, Hogen's estoppel submission was based upon a different issue of fact—common to both the workers' compensation and the intentional tort proceedings—specifically, the medical issue of proximate causation of plaintiff's physical ailment."

We note that our independent research has found no other cases applying the rationale in *Smertka* and holding that the commission's determination of proximate cause collaterally estops the relitigation of that issue in a subsequent intentional tort action. Even assuming, without deciding, the reasoning in *Smertka* to be sound, and that an identity of issues would therefore be present under the facts of the present case, the requirement of an identity of parties or their privies is lacking herein.

It is well settled that " * * * litigation in one capacity, individual or representative, does not preclude relitigation in a different capacity, individual or representative. * * *." Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction (1981), Section 4454. See, also, Restatement of the Law 2d Judgments (1982) 359, Section 36. The record indicates that in the proceedings before the commission, plaintiff was designated as the claimant. Plaintiff's right to pursue a recovery for death benefits was by virtue of R.C. 4123.59, which provides for benefits to "dependents." [2] We note that based

---

2. R.C. 4123.59(D) designates a "dependent" as follows:

"(1) A surviving spouse who was living with the employee at the time of death or a surviving spouse who was separated from the employee at the time of death because of the aggression of the employee;

"(2) A child under the age of eighteen years, or twenty-five years if pursuing a full-time education * * * or over said age if physically or mentally incapacitated from earning, upon only the one parent who is contributing more than one-half of the support for such child and with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death."

upon the record before this court, it is unclear whether there were any other potential dependents in the administrative proceeding.

Under the wrongful death action, plaintiff is designated in the complaint as the duly appointed administratrix of the estate of Robert Altvater. Ohio's wrongful death statute provides that an action " * * * shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent * * * and for the exclusive benefit of the other next of kin of the decedent." R.C. 2125.02.

Defendant contends that there is an identity of parties because plaintiff is the claimant in the workers' compensation proceeding and also the claimant or plaintiff in the instant case. However, while plaintiff may appear as a party in both actions, she does not appear in the same capacity. Whereas in the workers' compensation proceeding plaintiff appears, in effect, in her individual capacity, in the present action plaintiff sues as the administratrix of the estate of Robert Altvater, representing a number of potential beneficiaries. We decline to hold that potential beneficiaries who were not a party to the workers' compensation action are now precluded from representation based upon the doctrines of *res judicata* or collateral estoppel.[3] We further note that the rights of potential beneficiaries in the present action, other than plaintiff, are not dependent upon plaintiff. Under the wrongful death statute, it is not necessary that plaintiff be named or designated as the personal representative acting on behalf of the interested parties.

In *Jordan v. C.A. Roberts Co.* (1967), 379 Mich. 235, 150 N.W.2d 792, the Michigan Supreme Court was faced with a similar factual situation. In *Jordan,* the plaintiff's husband was killed while attempting to repair a crane owned by the defendant. The plaintiff initiated an action before the workmen's compensation department, representing that she was the widow and sole dependent of the deceased. The plaintiff subsequently filed a wrongful death action as administratrix of the estate of the deceased. The trial court held that the decision of the commission in the workmen's compensation proceeding was *res judicata* as to the subsequent wrongful death action.

---

3. Assuming that plaintiff was the sole heir and statutory beneficiary of the wrongful death and survivorship actions, defendant's argument that there is a substantial identity of parties and that therefore the determination in the prior proceedings precludes the subsequent claims under the doctrine of collateral estoppel would then be more persuasive. However, whether or not plaintiff is the only possible beneficiary cannot be determined based upon the record before this court. We note that plaintiff's brief maintains that the wrongful death claim is also brought on behalf of decedent's adult children and that defendant's brief acknowledges that plaintiff brings both the wrongful death and survivorship claims on behalf of herself and her husband's heirs.

While the Michigan Supreme Court affirmed the trial court decision on different grounds, the court rejected the trial court's application of *res judicata,* stating in relevant part:

"Some of the confusion in this case arises from the fact that Thelma Jordan, widow and sole dependent of John C. Jordan, deceased, was a party to the proceedings before the workmen's compensation department and Thelma Leola Jordan, administratrix of the estate of John C. Jordan, deceased, is the plaintiff in this present action. Thelma Jordan, party to the workmen's compensation proceedings, acted in her own individual right by virtue of the provisions of the compensation act. * * * Thelma Leola Jordan, administratrix of the estate of John C. Jordan, deceased, is the legally appointed representative of John C. Jordan, deceased, suing in her representative capacity for wrongful death by virtue of the provisions of the wrongful death statute. * * * She brings such an action for the benefit of those persons who are entitled to share in a recovery—in this case, it is claimed, John C. Jordan's wife, two children and his creditors. Legally there is no identity whatsoever between the above parties. They are complete strangers.

"There being no identity of the parties, the doctrine of *res judicata* is inapplicable. * * *" *Jordan, supra,* at 242, 150 N.W.2d at 794.

In *Jordan,* Justice Souris, who dissented on other grounds, concurred as to the issue of *res judicata,* stating:

"The principles of collateral estoppel, res judicata and election of remedies are inapplicable to this case. This is so because deceased's widow and the personal representative of his estate, whoever it be, are distinct entities in law, and the estate's legal representative, in such capacity, was not a party to the workmen's compensation proceeding. * * *" *Id.* at 246, 150 N.W.2d at 796.

Accordingly, in the present case the trial court erred in granting summary judgment as to plaintiff's wrongful death action based upon the doctrines of *res judicata* or collateral estoppel. Further, under Ohio's general survival statute, R.C. 2305.21, a right of action may survive decedent's death and be pursued by the personal representative on behalf of the estate. As the judgment of the trial court apparently disposes of the wrongful death claim and the survivorship claim upon the same basis, *i.e., res judicata* or collateral estoppel, the trial court also erred in granting summary judgment on the survivorship claim. Defendant also contends that plaintiff's survivorship claim is time-barred because plaintiff failed to bring her survivorship cause of action within the two-year requirement of R.C. 2305.10. However, the trial court did not address the issue as to when decedent discovered or should have been aware of his injury and we express no opinion on that issue at this time.

Defendant argues, in the alternative, that the trial court did not grant summary judgment solely upon the basis that the intentional tort action was barred under the doctrines of *res judicata* or collateral estoppel. Rather, defendant maintains that the trial court's ruling indicates that the court also found, on independent grounds, that plaintiff had failed to show an intentional tort on the part of defendant. Defendant acknowledges, however, in its brief to this court, that it is unclear from the language of the trial court's decision whether or not such a determination was made. Based upon our review of the trial court's decision of August 2, 1989, we conclude that the trial court's grant of summary judgment was made solely upon the basis of *res judicata* or collateral estoppel. Inasmuch as the trial court made no determination as to whether defendant's actions constituted an intentional tort, we decline to address the issue herein.

Based upon the foregoing, plaintiff's first and second assignments of error are sustained.

Plaintiff's third assignment of error asserts that the trial court, in granting summary judgment on the basis of *res judicata*, denied plaintiff her right to a trial by jury. Given our disposition of the first and second assignments of error, finding that the trial court erred in granting summary judgment on the basis of *res judicata* or collateral estoppel and remanding this cause, plaintiff has failed to show prejudice under her third assignment of error. Accordingly, plaintiff's third assignment of error is overruled.

For the foregoing reasons, the first and second assignments of error are sustained, and the third assignment of error is overruled. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and WOLFF, JJ., concur.

WOLFF, J., of the Second Appellate District, sitting by assignment.