JORDAN *v.* C. A. ROBERTS COMPANY.

1. WORKMEN'S COMPENSATION—EXCLUSIVE REMEDY.

The workmen's compensation act provides the exclusive remedy for recovery against the employer of a person injured or killed (CL 1948, § 411.4).

2. SAME—ADJUDICATION BY WORKMEN'S COMPENSATION APPEAL BOARD—RES JUDICATA.

The decision of the workmen's compensation appeal board having jurisdiction to make an award of workmen's compensation, from which no appeal is taken, constitutes an adjudication that the person injured was an employee of the defendant employer to which the doctrine of *res judicata* is applicable as a bar to recovery from the employer in an action under the death act by the employee's widow (CL 1948, § 411.4; CLS 1961, § 600.2922).

3. SAME—ADJUDICATION BY WORKMEN'S COMPENSATION APPEAL BOARD—COLLATERAL ATTACK.

Unappealed workmen's compensation redemption order, followed by acceptance and payment thereunder, estops the beneficiary, or others, from collateral attack on findings necessary to validity of the order (CL 1948, § 411.4).

Appeal from Wayne; Gilmore (Horace W.), J. Submitted Division 1 November 4, 1965, at Detroit. (Docket No. 174.) Decided December 20, 1965. Leave to appeal granted by Supreme Court March 15, 1966. See 377 Mich 704, 379 Mich 235.

Complaint by Thelma Leola Jordan, administratrix of the estate of John C. Jordan, against C. A.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 64 *et seq.*
[2] 58 Am Jur, Workmen's Compensation §§ 493, 496.
 Res judicata as regards decisions or awards under workmen's compensation acts. 122 ALR 550.
[3] 58 Am Jur, Workmen's Compensation § 498.

Roberts Company, a foreign corporation, and others for damages under the death act (CLS 1961, § 600.-2922 [Stat Ann 1962 Rev § 27A.2922]), for her husband's death. Accelerated judgment for defendant C. A. Roberts Company. Plaintiff appeals. Affirmed.

*Albert Lopatin (Norman L. Zemke,* of counsel), for plaintiff.

*Alexander, Buchanan & Conklin (Floyd Westcott,* of counsel), for defendant C. A. Roberts Company.

QUINN, J. Plaintiff's complaint of June 21, 1963, alleged that certain acts of negligence on the part of defendant C. A. Roberts Company caused the death of her husband, John C. Jordan, an independent contractor. Roberts' answer pleaded affirmatively that at the time of his death, Jordan was an employee of Roberts and the exclusive remedy was under workmen's compensation statutes; that plaintiff as widow voluntarily agreed to accept redemption of Roberts' liability as employer and February 24, 1961, a workmen's compensation department redemption order was entered based on this agreement. That payment under the redemption order was made and accepted. Roberts then moved for accelerated judgment. In granting the motion, the trial court held that the redemption order followed by acceptance of payment estops the beneficiary at this time from a collateral attack on the findings necessary to the validity of such order. Plaintiff appeals.

The issue is: Does a workmen's compensation redemption order, followed by acceptance and payment thereunder, from which no appeal has ever been taken estop the beneficiary, or others, from collateral attack on findings necessary to validity of said order?

At his death, John C. Jordan left surviving his widow, the plaintiff, and two children by a former marriage, both of whom were of full age. Plaintiff filed application for hearing and adjustment of claim for workmen's compensation benefits with the workmen's compensation department January 5, 1961, through her attorney. In February, 1961, she executed the agreement to redeem and she was represented by an attorney. February 24, 1961, the redemption order was made; its terms were complied with by Roberts and plaintiff accepted payment. No appeal was ever taken from the redemption order.

If John C. Jordan was an employee of defendant Roberts at the time of his death, workmen's compensation benefits are the exclusive remedy. CL 1948, § 411.4 (Stat Ann 1960 Rev § 17.144). Also *Moran* v. *Nafi Corp.* (1963), 370 Mich 536. In *Hughson* v. *City of Kalamazoo* (1935), 271 Mich 36, 41, the Supreme Court said:

"When the agreement for compensation made between plaintiff and defendant was presented to the department of labor and industry, and was approved by it, the department necessarily determined plaintiff was an employee of defendant entitled to compensation. It had jurisdiction so to do. Though its determination may have been erroneous according to the subsequent opinion of this Court, such order was never appealed from and stands as an adjudication by the department. The erroneous exercise of undoubted jurisdiction does not amount to a want of jurisdiction."

In *Ayers* v. *Genter* (1962), 367 Mich 675, the Supreme Court said:

"In behalf of plaintiff Ayers, argument is raised that the decision of the workmen's compensation appeal board concerning the defendant's status as an employee is not *res judicata* in a subsequent per-

sonal injury action between the parties. It is clear that in this jurisdiction the doctrine of *res judicata* is applicable to a decision rendered in workmen's compensation proceedings."

These authorities clearly support the action of the trial court and it is affirmed, with costs to appellee.

LESINSKI, C. J., and WATTS, J., concurred.