BAKER *v.* DINVERNO SONS TRUCKING COMPANY

1. AUTOMOBILES—NEGLIGENCE—EVIDENCE—DIRECTED VERDICT.
Granting by trial judge of defendant's motion for a directed verdict at the close of plaintiff's proofs in an action resulting from a collision between plaintiff's truck and defendant's truck, which was stalled in the road, *held* error where there was evidence that defendant left its unlighted truck stalled on the busy highway at night, and the jury could infer that this was the cause of plaintiff's injury.

2. AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — JURY QUESTION.
Whether the speed at which plaintiff was driving or his failure to observe defendant's allegedly unlighted truck or to avoid colliding with the rear of it constituted contributory negligence is for the jury to decide in an action by a person who collided with the rear of a truck stalled on the highway.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 December 6, 1968, at Detroit. (Docket No. 5,043.)   Decided February 27, 1969.

Complaint by Jack David Baker and Sarah Francis Baker, his wife, against Dinverno Sons Trucking Company, a Michigan corporation, for damages resulting from a motor vehicle collision. Defendant's motion for directed verdict granted. Plaintiffs appeal.   Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1]  8 Am Jur 2d, Automobiles and Highway Traffic § 1011.
[2]  8 Am Jur 2d, Automobiles and Highway Traffic § 1013.

*Ross & Bruff,* for plaintiffs.

*John K. Irwin, Jr.,* for defendant.

BEFORE: Levin, P. J., and Holbrook and Rood,* JJ.

Per Curiam. On Sunday evening, December 16, 1962, the truck plaintiff was driving struck the rear of a parked or stalled truck owned by the defendant Dinverno Sons Trucking Company.[1] The accident occurred in the city of Warren, Michigan, on Nine Mile road, a hard-surfaced, well-traveled four-lane highway. The area where the accident occurred was illuminated with mercury vapor lamps.

Plaintiff testified:

"Well, the only thing, I saw something in the highway, but I was right on top of it. All I could see was just more or less an outline to see it and it was just a hulk, you know."

Plaintiff added that he tried to miss the defendant's truck by swerving to the left but it was too late. He thought he in fact moved to the left, but did not know for sure whether his vehicle actually turned or not. He hit the left rear corner of the defendant's truck with the right front of his truck. Before the accident he had been traveling in the right-hand lane where the defendant's truck was parked or stalled. He also testified that when he saw the object he did not have time to put on his brakes.

Plaintiff testified that he was driving at 30 or 35 miles per hour, but conceded that it was "possible" he told a police officer he was going 40 miles per hour in this 30-or 35-mile-per-hour zone. On direct examination the plaintiff was asked whether the de-

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

[1] The driver of the truck, defendant Eugene Clair Bingner, was never served with process in this action.

fendant's truck had lights on, which resulted in colloquy as follows:

"*Q*. Now, did you observe any—as you were coming toward this hulk, did you observe any lights?

"*A*. There were no lights.

"*Mr. Irwin:* Now, I think the witness has already testified that he didn't observe anything except a hulk until he was right on top of it. Now, I'm suggesting that counsel is now trying to lead the witness.

"*The Court:* The question is leading. The testimony, as I have it written down here, as he approached Thomas, the only thing he saw was something on the highway, but he was right on top of it. He saw a hulk.

"*Mr. Ross:* All right.

"*Q*. (*By Mr. Ross, continuing*): Did you see any lights in the vicinity?

"*A*. No lights.

"*Mr. Irwin:* I object to that as a leading question.

"*The Court:* It is leading and suggestive. Objection sustained.

"*Q*. (*By Mr. Ross, continuing*): Did you see any persons in the vicinity of this hulk?

"*A*. No persons.

"*Mr. Irwin:* Objection.

"*The Court:* Objection sustained.

"*Q*. (*By Mr. Ross, continuing*): Now, you say you have no conscious recollection of anything at the scene after you struck, after you collided with this hulk, is that right?

"*A*. That is right."

Plaintiff testified that parking was not permitted on Nine Mile road at the scene of the accident.

There was testimony that before the accident the plaintiff had consumed 2 glasses of wine.

Upon completion of the plaintiff's proofs, the defendant moved for a directed verdict claiming the evidence failed to show that the defendant was

guilty of any negligence and that the evidence established that the plaintiff was contributorily negligent. The trial judge granted defendants' motion stating, "[plaintiff] was negligent as a matter of law and the burden of carrying and showing proximate cause on the part of the defendant was not sustained."

In advising the jury that he would direct a verdict, the trial judge added:

"It has to be more than an expectation of recovering. Because there are injuries, there has to be a showing of negligence, under the proof as submitted here, that the defendant was negligent. The showing of negligence, insofar as the law is concerned, was not supported on the part of the defendant."

We reverse and remand for a new trial. In our opinion the jury could properly conclude from the evidence that the defendant failed to exercise due care in that it left at night an unlighted, stalled or parked truck on a busy highway and that plaintiffs' injuries were caused thereby.

Neither the rear-end-collision statute (MCLA § 257.402 [Stat Ann 1968 Rev § 9.2102]) nor the assured-clear-distance-ahead statute (MCLA § 257.627 [Stat Ann 1968 Rev § 9.2327]) entitled the defendants to a directed verdict even though plaintiff might have been found to have been traveling somewhat in excess of the speed limit. *Cf. McKinney* v. *Anderson* (1964), 373 Mich 414.

Whether the speed at which the plaintiff was driving or his failure to observe the defendant's assertedly unlighted truck and to avoid an accident constituted contributory negligence was for the jury to decide. *Ingram* v. *Henry* (1964), 373 Mich 453, 457; *Clark* v. *Naufel* (1950) 328 Mich 249, 253.

Reversed and remanded for a new trial.