HOWELL *v.* VITO'S TRUCKING AND EXCAVATING COMPANY

Oᴘɪɴɪᴏɴ ᴏꜰ ᴛʜᴇ Cᴏᴜʀᴛ

1. Jᴜᴅɢᴍᴇɴᴛ—Cᴏɴᴄʟᴜsɪᴠᴇ Eꜰꜰᴇᴄᴛ—Rᴇᴀʟ Pᴀʀᴛɪᴇs ɪɴ Iɴᴛᴇʀᴇsᴛ.

The conclusive effect of a judgment is on the real party in interest and not on the nominal parties of record.

2. Jᴜᴅɢᴍᴇɴᴛ—Cᴏɴᴄʟᴜsɪᴠᴇ Eꜰꜰᴇᴄᴛ—Rᴇᴀʟ Pᴀʀᴛʏ ɪɴ Iɴᴛᴇʀᴇsᴛ—Nᴏᴍɪɴᴀʟ Pᴀʀᴛʏ Nᴏᴛ Bᴀʀʀᴇᴅ.

A judgment against the real party in interest will not bar one who was a nominal party to the action, such as a next friend, from later pursuing an action for his own personal losses.

3. Jᴜᴅɢᴍᴇɴᴛ—Nᴇɢʟɪɢᴇɴᴄᴇ—Pʀɪᴏʀ Aᴅᴊᴜᴅɪᴄᴀᴛɪᴏɴ Iɴᴠᴏʟᴠɪɴɢ Aɴᴏᴛʜᴇʀ Pʟᴀɪɴᴛɪꜰꜰ—SᴜʙsᴇQᴜᴇɴᴛ Sᴛᴀᴛᴜᴛᴏʀʏ Pʟᴀɪɴᴛɪꜰꜰ.

A prior adjudication in a federal court of defendant's negligence, in a personal injury action by one plaintiff, was not necessarily a bar to litigation of plaintiff-administrator's claim for wrongful death against that same defendant where both the personal injury and wrongful death actions arose out of the same collision.

Rᴇꜰᴇʀᴇɴᴄᴇs ꜰᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs

[1, 2, 3] 46 Am Jur 2d, Judgments §§ 379–381, 529–534.
[3] 46 Am Jur 2d, Judgments § 394 *et seq.*
[4–8] 46 Am Jur 2d, Judgments §§ 397, 398.

4. ESTOPPEL—COLLATERAL ESTOPPEL DISCRETION—EQUITABLE PRIN-
CIPLES—STATUTORY PLAINTIFF.
    The application of collateral estoppel should be a rule of dis-
cretion to be decided on equitable principles and it should
be applied to all who are represented by a statutory plaintiff.

5. ESTOPPEL—COLLATERAL ESTOPPEL—MUTUALITY—NOT CONTROLLING
FACTOR.
    Mutuality is not the controlling factor in collateral estoppel and
although the Michigan Supreme Court has not defined what
principles would control collateral estoppel, it has emphasized
that estoppel does not depend upon technicalities but rests upon
broad principles of justice.

6. ESTOPPEL—COLLATERAL ESTOPPEL—PROCEDURAL TOOL—PURPOSE.
    Collateral estoppel is a procedural tool designed to conserve
judicial resources and to insure consistent decisions on the
same issues and facts, but its use is not to be indiscriminate.

7. ESTOPPEL—COLLATERAL ESTOPPEL—SUBSEQUENT PLAINTIFFS—AP-
PLICATION—DISCRETION.
    Trial judge had the discretion to apply, or not to apply, col-
lateral estoppel against a defendant, whose negligence had
already been determined in a prior federal court action by a
plaintiff other than the subsequent plaintiffs, all of whose
claims for damages arose out of the same collision.

DISSENTING OPINION

QUINN, J.

8. ESTOPPEL—PRIVITY—SAME PARTIES—SAME JUDGMENT.
    *Parties or their privies to an action in which application of the*
*doctrine of estoppel by judgment is sought must appear to be the*
*same parties or their privies to the action in which the judg-*
*ment was obtained.*

Appeal from Oakland, Arthur E. Moore, J.  Sub-
mitted Division 2 December 4, 1968, at Lansing.
(Docket No. 4,868.)    Decided November 25, 1969.
Leave to appeal granted June 25, 1970.    See 383
Mich 798.

Complaint by William Howell, for himself, as
administrator of the estate of Hattie Howell, de-

ceased, and as guardian of James L. Howell, a minor, against Vito's Trucking and Excavating Company, a Michigan corporation, for wrongful death and personal injuries resulting from a truck-automobile collision. Partial summary judgment for plaintiff. Plaintiff appeals. Defendant cross-appeals. Remanded for reconsideration consistent with opinion.

*Richard L. Wolk,* for plaintiff.

*Patterson & Patterson, Barrett, Whitfield, Manikoff & White (Robert G. Waddell,* of counsel), for defendant.

Before: T. G. KAVANAGH* and QUINN and MILLER,** JJ.

T. G. KAVANAGH, J. In June of 1964, plaintiff's decedent, Hattie Howell, died from injuries received in an automobile accident. The defendant's truck struck the car in which she was riding, killing her and injuring her daughter, Anna Sue Collins.

The decedent's husband, as administrator of her estate and as guardian of their minor son, instituted a wrongful death action in the Oakland county circuit court. However, pending determination of this suit, plaintiff's daughter, a Tennessee resident, obtained a judgment against the defendant for her personal injuries in the United States District Court.

After that judgment, the plaintiff here moved in the circuit court for a partial summary judgment. He argued that the issue of defendant's negligence had been determined in the federal court and con-

---

* THOMAS GILES KAVANAGH, Justice of the Supreme Court, assigned to sit on the Court of Appeals from February 27, 1969 "until the work assigned has been completed" pursuant to Const 1963, art 6, § 4, and CLS 1961, § 600.225, as amended by PA 1966, No 10.
** Circuit Judge, sitting on the Court of Appeals by assignment.

tended that the issue of damages was all that remained for determination.

The trial judge granted the motion so far as it related to the daughter, Anna Sue Collins, but denied the motion as to the remaining interests.

On appeal and cross-appeal each party asserts the court erred in ruling against his position.

In the federal judgment the defendant was found to be negligent on the same facts and issues presented in this case. The administrator now claims that the federal court finding of defendant's negligence should estop the defendant from denying it here. The defendant contends that it should not be estopped from retrying the issue of negligence. Defendant argues that the parties are not identical nor in privity with each other and, traditionally, without this identity or privity there is no mutuality and therefore no estoppel.

Anna Sue Collins, as one of the heirs of her mother, may be one of the real parties in interest in this suit by the administrator of her mother's estate. The conclusive effect of a judgment is on the real party in interest and not on the nominal parties of record. It was held in *Gumienny* v. *Hess* (1938), 285 Mich 411, that a judgment against the real party in interest will not bar one who was a nominal party in the suit (next friend) from later pursuing an action for his own personal losses.

However, there is another consideration which the trial judge might have found to be of equal or greater weight. Since the quantum and quality of offense and defense frequently depend upon the nature and seriousness of the injury, the adjudication in the earlier matter involving Anna Sue Collins should not *necessarily* be a bar to litigation of the administrator's claim for wrongful death against the same defendant. [The administrator is tech-

nically a different plaintiff (*Jordan* v. *C. A. Roberts Company* [1967], 379 Mich 235, affirming 2 Mich App 113), and while Anna Sue Collins is probably pecuniarily interested, this issue is a matter generally reserved for certification to probate court after judgment (MCLA § 600.2922 [Stat Ann 1962, § 27A-.2922]). She may not have a pecuniary interest in the final result.]

Either of these possible considerations may be found to be peculiarly controlling as to the interests of Anna Sue Collins.

In any event, the issue before the trial judge should be whether the defendant, Vito's Trucking and Excavating Company, should be collaterally estopped as to *all* the plaintiffs. If, in the case at bar, collateral estoppel should apply to one interest it should apply to all. At issue is the defendant's negligence. It cannot be said in one instance that he fairly and justly litigated the issue of his negligence, and in the other instance that he did not. The application of collateral estoppel should be a rule of discretion to be decided on equitable principles. It should apply alike to all who are represented by the statutory plaintiff.

The ruling with reference to Anna Sue Collins should be reconsidered and determined consistently as to *all* the parties in this litigation.

In deciding the issue raised on appeal, we must discuss the concept of mutuality in application of collateral estoppel.

In recent years many states have either dispensed with mutuality or, in substance, modified it.[1] However, few jurisdictions have allowed subsequent plaintiffs to assert collateral estoppel as an offensive weapon *against* the *same* defendant. The leading

---

[1] See cases cited in *United States* v. *United States Airlines, Inc.,* (ED Wash, 1962), 216 F Supp 709, 726.

case of *Bernhard* v. *Bank of America National Trust & Savings Association* (1942), 19 Cal 2d 807 (122 P2d 892), might be read to hold that the same defendant is estopped from relitigating the issue of his liability.   The *Bernhard* tests are:

"Was the issue decided in the prior adjudication identical with the one presented in the action in question?   Was there a final judgment on the merits?   Was the party *against whom* the plea is asserted a party to the prior adjudication?"   (Emphasis supplied.)

The broad holding by the California Supreme Court was an attempt to excise from collateral estoppel the ritualistic label of "mutuality".   But it should not be read to eliminate the principles of justice and equity inherent in determining whether collateral estoppel should bar a party from relitigating the issues of his liability.

Michigan courts have not decided a case factually similar to the case before us.   They have, however, dealt with the problem of mutuality of remedy and its role in the application of collateral estoppel.[2]

The Supreme Court has commented on mutuality and held that it was *not* to be the controlling factor in collateral estoppel.   In so holding, the Court said in *DePolo* v. *Grieg* (1954), 338 Mich 703:

"Aside from the principles of mutuality, plaintiffs have asserted no reasons why collateral estoppel should not be applied as barring this action against the present defendant."

In reducing the effect of mutuality the Court did not define in *DePolo* what principles would control collateral estoppel.   However, long before *DePolo*,

---

[2] *Hopkins* v. *Avery* (1891), 87 Mich 551; *Krolick* v. *Curry* (1907), 148 Mich 214; *DePolo* v. *Grieg* (1954), 338 Mich 703; *Jones* v. *Chambers* (1958), 353 Mich 674.

the Court emphasized through Justice COOLEY that "estoppel does not depend upon technicalities, but rests in broad principles of justice　＊　＊　＊　".[3]

It cannot be said that every case in which the result was formerly justified on the grounds of "lack of mutuality" must now be decided differently, even though it can be brought within the general language of the *Bernhard* doctrine.[4]

Collateral estoppel is essentially a procedural tool designed to conserve judicial resources and to insure consistent decisions on the same issues and facts. But its use is not to be indiscriminate. There are some instances when the foregoing considerations must yield to the demands of justice to particular litigants.[5]

In some cases it would seem unjust to estop a defendant from relitigating his liability to several plaintiffs. For example, if a defendant wearied of winning six law suits *seriatim* determining his negligence in a particular incident and failed to defend a seventh suit, to allow, say the remaining ten plaintiffs to preclude his defense in later suits on the theory of estoppel would seem inequitable, whatever the considerations of judicial resources or consistent results. Yet there are instances when it is equally unfair to require multitudinous plaintiffs to try the issue separately. See *United States* v. *United States Airlines, Inc.* (ED Wash, 1962), 216 F Supp 709.

---

[3] *Fifield* v. *Edwards* (1878), 39 Mich 264.

[4] See generally Currie, *Mutuality of Collateral Estoppel: Limits of the Bernhard Doctrine*, 9 Stan L Rev 281 (1957).

[5] The wry observation of Jeremy Bentham might well be kept in mind in applying estoppel or not:

"One is tempted however to ask, whether justice be a thing worth having or not? And if it be, at what time is it desirable that litigation should be at an end? After justice is done, or before?" Bentham, *The Rationale of Judicial Evidence,* in 7 Works of Jeremy Bentham 172 (Bowring ed 1843). Cited in footnote No 17, 9 Stan L Rev 281, 288 (1957).

In our view the application of estoppel is best left to the discretion of the trial judge who, guided by "broad principles of justice," would weigh the interests of the litigants and the efficient administration of justice.

The opinion of the trial judge in this case indicates that he considered himself *precluded* from holding the defendant estopped to dispute the claim of the interests other than Anna Sue Collins. We hold that he was free to do so or not as, in his discretion, the ends of justice require.

Remanded for reconsideration in light of this opinion.

No costs.

Miller, J. concurred.

QUINN, J., (*dissenting*). I dissent not because I disagree with the reasoning or the result of the majority opinion but because I think it is contrary to existing law. In denying plaintiff's motion for partial summary judgment, the trial judge stated he was bound by that law. On review of the trial court, I believe we are bound by the same law. I refer to *Clark* v. *Naufel* (1950), 328 Mich 249, which I read to hold that before the doctrine of estoppel by judgment can be asserted, it must appear that the parties or their privies to the action in which application of the doctrine is sought are the same as the parties or their privies to the action in which the judgment was obtained.

The trial court should be affirmed except with respect to its order as to Anna Sue Collins. She is not a party to this action, and that part of the order relating to her should be stricken.