BEATRICE FOODS CO., INC., APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

(No. 81-1143—Decided April 28, 1982.)

*Messrs. Glander, Brant, Ledman & Newman* and *Mr. James H. Ledman,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Mark A. Engel,* for appellee.

*Per Curiam.* Appellant argues that the equipment it leases from Rental is used in an integrated system of interstate commerce and is not subject to Ohio use tax pursuant to R. C. 5741.02(C)(3) and Section 8, Article I of the United States Constitution.

R. C. 5741.02(C) provides, in part:

"The tax does not apply to the storage, use, or consumption in this state of the following described tangible personal property, nor to the storage, use, or consumption in this state of tangible personal property purchased under the following described circumstances:

" * * *

"(3) Property, the storage, use, or other consumption of which this state is prohibited from taxing by the constitution of the United States, laws of the United States, or the constitution of this state. This exemption shall not exempt from the application of the tax imposed by this section the storage, use, or consumption of tangible personal property which was purchased in interstate commerce, but which has come to rest in this state, provided that fuel to be used or transported in carrying on interstate commerce which is stopped within this state pending transfer from one conveyance to another is exempt from the excise tax imposed by this section and section 5739.02 of the Revised Code;"

Section 8, Article I of the United States Constitution grants to Congress the exclusive power "[t]o regulate com-

merce with foreign nations and among the several states * * * ," and thereby prohibits a state from imposing a direct burden on foreign or interstate commerce.

As this court stated in *Federal Paper Board Co.* v. *Kosydar* (1974), 37 Ohio St. 2d 28, 32:

"However, Section 8, Article I, is not an absolute bar to state taxation which may have some incidental effect upon interstate commerce. * * *

"State use tax statutes have been consistently upheld by the United States Supreme Court in their application to tangible personal property where the property was carried into the taxing state, and there brought permanently to rest, or halted temporarily before resuming its interstate course or usage. *Scripto* v. *Carson* (1960), 362 U. S. 207; *General Trading Co.* v. *State Tax Comm.* (1944), 322 U. S. 335; *Nelson* v. *Sears, Roebuck & Co.* (1941), 312 U. S. 359; *McGoldrick* v. *Berwind-White Mining Co.* (1940), 309 U. S. 33; *Felt & Tarrant Mfg. Co.* v. *Gallagher* (1939), 306 U. S. 62; *Pacific Telephone & Telegraph Co.* v. *Gallagher* (1939), 306 U. S. 182; *Southern Pacific Co.* v. *Gallagher* (1939), 306 U. S. 167; *Henneford* v. *Silas Mason Co.* (1937), 300 U. S. 577."

A state use tax is valid under the Commerce Clause where the interstate transit has ended at least temporarily and the taxpayer has exercised rights of ownership over the property in question. *Federal Paper Board Co., supra,* at 34; *Southern Pacific Co.* v. *Gallagher* (1939), 306 U. S. 167; *Henneford* v. *Silas Mason Co.* (1936), 300 U. S. 577. In *Tri-City Broadcasting Co.* v. *Bowers* (1959), 169 Ohio St. 2d 126, the court upheld a use tax on equipment delivered to Ohio for use in a broadcast transmitter where it was stored in Ohio no longer than three days prior to installation. Similarly, in *Southern Pacific Co.* v. *Gallagher, supra,* the United States Supreme Court upheld the imposition of a state use tax on equipment stored temporarily in the state before it was made a part of an interstate railway system. See, also, *Pacific Telephone & Telegraph Co.* v. *Gallagher* (1939), 306 U. S. 182. In *Federal Paper Board Co., supra,* at 36, invalidating a use tax assessment, this court found it persuasive that "[t]he units were garaged and serviced in Steubenville at the lessor's own garage, and not by appellant."

We find that the storage of the units in Ohio as well as the servicing of the units in Ohio at appellant's direction, constitute sufficient evidence of a "taxable moment" in Ohio to authorize the use tax assessment.

Alternatively, appellant challenges the constitutionality of the tax because it was based upon the gross rentals paid. Appellant argues that the Commerce Clause requires apportionment of the tax to actual miles driven by the units in Ohio. In support, appellant relies on *Complete Auto Transit, Inc.* v. *Brady* (1977), 430 U. S. 274; and *Dept. of Revenue* v. *Assn. of Washington Stevedoring Cos.* (1978), 435 U. S. 734. Those cases, however, involved taxes on the privilege of conducting business in the state which were measured by the taxpayer's income. The taxpayers in those cases received income from both intrastate and interstate activities, and apportionment was required. They did not involve use taxes. As stated in *Henneford* v. *Silas Mason Co., supra,* at 582, a use tax " * * * is not upon the operations of interstate commerce, but upon the privilege of use after commerce is at an end." Since no part of the tax is attributable to interstate use, no apportionment is required. Moreover R. C. 5741.02(C)(5) allows a credit for any sales or use tax paid to other jurisdictions on the same property. Because of similar protections afforded by the Washington statute at issue in *Henneford,* the court found, at 583, that "[t]he tax upon the use after the property is at rest is not so measured or conditioned as to hamper the transactions of interstate commerce or discriminate against them."

Appellant also argues that the prior determinations of the Tax Commissioner and the opinion letter from the department should operate to estop the commissioner from assessing use taxes against appellant, prior to a formal notification that the commissioner's position had changed with respect to appellant's equipment.

Appellant asserts that it was not advised of the commissioner's change of position until April 1, 1976, when the subject assessment was issued, and by virtue of this court's decision in *Recording Devices, Inc.* v. *Bowers* (1963), 174 Ohio St. 518, it cannot be assessed for the audit period 1972-1974. In *Recording Devices,* the taxpayer had received an opinion letter from the Department of Taxation with respect to its sales tax

liability for time lock devices which it rented or sold to customers. The letter advised the taxpayer that when devices were rented to customers " * * * your company is the consumer of all equipment used and must pay the sales tax upon the purchase of the same.

"The time recording locks which are sold outright to your customers involves a taxable transaction and the tax must be collected on the full amount charged for the lock." *Id.* at 519. For 25 years, the taxpayer relied on this ruling and it was unchallenged by the Tax Commissioner. *Id.,* at 520. Under these facts, the court held that the commissioner was bound by the ruling until he notified the taxpayer that it had been rescinded.

The opinion letter herein is distinguishable from that in *Recording Devices.* Here, the opinion letter advised appellant that trucks used in Ohio were subject to use tax and that interstate use of the trucks was not subject to the use tax. It did not specifically advise appellant of its tax liability with respect to this equipment. Moreover, the opinion letter did not remain unchallenged for any amount of time. It was apparently issued during the pendency of proceedings before the Tax Commissioner; and two assessments were levied against appellant between the time of its issuance and the assessment involved herein.

Appellant's argument that the determinations of the Tax Commissioner in 1963 and 1972 should have the same effect as the opinion letter in *Recording Devices* is without merit. The determinations of the Tax Commissioner are limited to the subject of the appeals before it—in this case, the assessments of 1959 and 1971. They did not purport to advise appellant of its *future* tax liability.

Appellant also argues that because of these prior determinations, the doctrines of *res judicata* or collateral estoppel apply to bar the commissioner from issuing this assessment. In order for either doctrine to apply, there must be an identity of parties and issues in the proceedings. *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42; *Superior's Brand* v. *Lindley* (1980), 62 Ohio St. 2d 133. At issue in the case at bar is a separate assessment based on an entirely different audit period, and we find that the requisite identity of issues is not present.

Lastly, appellant argues that the procedures available to contest tax assessments in Ohio violate the Due Process Clause of the Ohio Constitution and permit the taking of property without due process of law in violation of the Fourteenth Amendment to the United States Constitution. We find these arguments to be without merit. The fact that R. C. 5739.13 provides a remedy to contest a sales or use tax assessment only after it is made does not violate Section 16, Article I, Ohio Constitution, which provides " * * * every person, *for an injury done him* in his land, goods, person, or reputation, shall have remedy by due course of law * * * ." (Emphasis added.) A taxpayer suffers no threat of injury until after an assessment is made and Section 16, Article I does not require that a taxpayer be afforded a remedy in advance of a claimed injury. Since no mandatory penalty was ultimately assessed against appellant, we need not address appellant's argument that the provision of R. C. 5739.13 requiring the imposition of a penalty with a sales or use tax assessment violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Accordingly, the decision of the Board of Tax Appeals as to the appellant herein is affirmed.

*Decision affirmed.*

SWEENEY, ACTING C. J., STEPHENSON, VICTOR, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for CELEBREZZE, C. J.

VICTOR, J., of the Ninth Appellate District, sitting for W. BROWN, J.