[Cite as *State ex rel. Sanders v. Indus. Comm.*, 2016-Ohio-7704.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Nancy E. Sanders, | : | |
| Relator, | : | |
| v. | : | No. 15AP-496 |
| Industrial Commission of Ohio and Wyandot, Inc., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on November 10, 2016

**On brief:** *The Bainbridge Firm, LLC*, and *Carol L. Herdman*, for relator.

**On brief:** *Michael DeWine*, Attorney General, and *Stephen D. Plymale*, for respondent Industrial Commission of Ohio.

**On brief:** *Kegler, Brown, Hill & Ritter Co., L.P.A.*, *David M. McCarty*, *Randall W. Mikes,* and *Katja Garvey,* for respondent Wyandot, Inc.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BROWN, J.

{¶ 1} Relator, Nancy E. Sanders, the spouse of Thomas Sanders ("decedent"), has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order that denied her request for accrued temporary total disability ("TTD") compensation following the death of decedent, and to enter an order granting said compensation.

{¶ 2} This court referred the matter to a court-appointed magistrate pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended that this court grant relator's request for a writ of mandamus. Wyandot, Inc. ("Wyandot"), respondent, and the commission have filed objections to the magistrate's decision.

{¶ 3} We will address Wyandot's and the commission's objections together, as they both argue for the same result based on generally the same rationales. After reviewing the orders of the staff hearing officer ("SHO") and district hearing officer ("DHO") and the magistrate's decision, we find the decisions of the SHO and DHO were supported by "some evidence," and we decline to adopt the magistrate's decision finding the contrary. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). We agree with the magistrate that there exists no case law on point with the facts of this case, but we depart from the magistrate's over reliance on R.C. 4123.95's mandate that workers' compensation statutes be liberally construed in favor of employees and the dependents of deceased employees. We do not believe the current case demands reliance upon construction of a statute. Instead, as the commission determined, there exists a definitive determination by the common pleas court that the decedent was not entitled to an allowance for the additional conditions. The magistrate found that "[a]t the time of his death, decedent's claim was additionally allowed for these conditions and there is no way to know whether or not a jury would have agreed or concluded otherwise." However, we do know that the conditions were disallowed because the parties entered into an agreed entry indicating such. Thus, we do know the outcome of the matter. The trial court's dismissal entry indicates that Wyandot's and decedent's attorney agreed that, with decedent's death, neither decedent nor the Ohio Bureau of Workers' Compensation could establish decedent's entitlement to participate in the workers' compensation fund for these medical conditions. The common pleas court having conclusively ruled that decedent's claim for additional conditions was disallowed precludes a subsequent award of TTD compensation in favor of decedent's spouse. Therefore, for these reasons, we find the objections of Wyandot and the commission, insofar as they rely on our above reasoning, well-taken.

{¶ 4}   After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of Wyandot's and the commission's objections, we sustain the objections. Although we adopt the magistrate's findings of fact, we reject her conclusions of law.   Relator's request for a writ of mandamus is denied.

*Objections sustained; writ of mandamus denied.*

LUPER SCHUSTER, J, concurs.
BRUNNER, J., concurs in judgment only.

BRUNNER, J., concurring in judgment only.

{¶ 5}   I concur in judgment only with the majority, and I wish to elaborate on how the decision of the Marion County Court of Common Pleas can fairly be characterized as "some evidence" upon which the Industrial Commission of Ohio ("Commission") could rely in denying the surviving spouse's claim for her husband's temporary total disability ("TTD") compensation for the period of March 28, 2013 to the date of his death, March 6, 2014.  The key reason compensation to the *decedent* was denied (albeit after his death) for the specified conditions for the specified period is because his employer appealed to the Marion County Court of Common Pleas.   The employer won the appeal after the decedent's death when an agreed dismissal entry was entered that included language deciding the case for the employer on its merits.  Had the employer not appealed, there would be no basis for the action now before us, because the decedent would have enjoyed the benefits awarded him beginning March 28, 2013 until his death.  Because this action has been independently brought by the decedent's surviving spouse in her own capacity and as the decedent's dependent, the status of the decedent's claim at the time of his death or at the time of the trial court's judgment entry is not determinative of our review of the Commission's decision on the surviving spouse's timely claim.

{¶ 6}   The magistrate and the parties recognized that "there is not case law directly on point" concerning the facts presented when the Bureau of Workers' Compensation approves compensation for one or more conditions for a specific period of time, the employer appeals pursuant to R.C. 4123.60 to the common pleas court and the claimant dies before the determination of the common pleas court appeal.  (Magistrate's Decision

at ¶ 37.)  The magistrate correctly stated, "there is no way to know whether or not a jury would have agreed or concluded otherwise" concerning the decedent's allowed conditions. (Magistrate's Decision at ¶ 39.)

{¶ 7}  But, here, for whatever reason, the dismissal entry in the Marion County Court of Common Pleas, filed October 28, 2014, not only dismissed the employer's appeal, it determined the outcome of the employer's appeal as a matter of law.  As such it was a determination of law that the Commission was bound to follow in deciding compensation in the decedent's case.  According to our holding in *Barr v. Columbus S. Power Co.*, 10th Dist. No. 96APE05-638 (Dec. 17, 1996), we can simply view the trial court's agreed dismissal entry as one determining that decedent's condition "has been litigated" for the purposes of whether to award workers' compensation to him.

{¶ 8}  But when the "surviving spouse and dependent of decedent" files her own motion for the same benefits that were denied by the Marion County Court of Common Pleas, it is a separate action not bound by the outcome of the first action.  (Magistrate Decision at ¶ 25.)  The Eleventh District Court of Appeals has explained:

> A claimant's death not only abates his workers' compensation claim but may also create an interest in his dependent(s). This can occur * * * in two different ways. In the first scenario, a dependent may recover where the claimant had made a claim for benefits, obtained an award, and actually accrued benefits. In the second scenario, R.C. 4123.60 allows a dependent of the decedent to timely apply for compensation, if the decedent would have been lawfully entitled to have applied for an award at the time of his death. Under this portion, a dependent is therefore entitled to file an *independent claim* for compensation that the deceased employee could have pursued but for his death.

(Emphasis added.)  *Largent v. Sticker Corp.*, 11th Dist. No. 2010-L-061, 2011-Ohio-6094, ¶ 28.  Here, the parties and the magistrate focused on whether the time of the decedent's death controlled or the time of the Marion County Court of Common Pleas dismissal entry controlled.  It is neither.  Rather, the focus is on the parties.  Relator has separate claims from the decedent, and she has not brought her action as the decedent's administrator, but in her own right as the surviving spouse and dependent of decedent pursuant to R.C. 4123.60. (Magistrate's Decision at ¶ 25.)

{¶ 9} The magistrate's findings of fact in paragraph 25 of her decision, that the decedent's spouse's motion was supported by the same evidence decedent had originally submitted in support of his motion for TTD compensation does not bar her action in mandamus. Res judicata in the context of workers' compensation has been addressed by this Court concerning post-death matters brought by a surviving spouse and dependents in *Altvater v. Claycraft Co.*, 71 Ohio App.3d 264, 268 (10th Dist.1991), *appeal denied*, 62 Ohio St.3d 1408. In *Altvater* we found that res judicata and collateral estoppel, based on the outcome of a prior suit for wrongful death benefits, did not bar a second suit for workers' compensation benefits by the surviving spouse "where there was a lack of identity of parties or their privies between the present intentional tort action and plaintiff's prior workers' compensation proceeding." We agreed with the plaintiff surviving spouse in that case that, "inasmuch as individuals who potentially might benefit from the [prior] wrongful death action had no interest or control over plaintiff's claim for workers' compensation death benefits, such individuals should not be penalized or bound by that action through res judicata or collateral estoppel." *Id.* We held:

> Under Ohio law, "* * * the defenses of res judicata or collateral estoppel are operative in a second suit only when there is an identity of issues and an identity of parties or their privies in both the first and second suit. * * *" *Whitehead v. Genl. Tel. Co.* (1969), 20 Ohio St.2d 108, 113, 49 O.O.2d 435, 438, 254 N.E.2d 10, 13. *See, also, Beatrice Foods Co. v. Lindley* (1982), 70 Ohio St.2d 29, 35, 24 O.O.3d 68, 71, 434 N.E.2d 727, 731 ("* * * In order for either doctrine to apply, there must be an identity of parties and issues in the proceedings. * * *").

*Id.* I would specify in our decision that relator, the surviving spouse, has exercised a separate right of action under R.C. 4123.60. This action is based on her own interests in the decedent's workers' compensation benefits that are not barred by res judicata or collateral estoppel, even if she supports her claim by the same evidence he originally submitted in support of his claim for TTD compensation that was granted and which was appealed by his employer.

{¶ 10} The real issue, then, is did the Commission in reviewing the surviving spouse's (relator's) separate and independent claim abuse its discretion in considering the

Marion County Court of Common Pleas agreed dismissal as a basis for denying her claim? The majority deems the dismissal to be some evidence, and we have previously stated:

> In mandamus, the issue before this court is whether the commission cited "some evidence" to support its decision and provided a brief explanation of its rationale. *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

*State ex rel. Marcum v. Volunteers of Am.*, 10th Dist. No. 02AP-633, 2003-Ohio-887, ¶ 40. We can discern from the record that the Commission's appeal of decedent's favorable award of TTD compensation for the period beginning March 28, 2013, was nowhere close to being fully litigated. But it was decided on its merits after the decedent's death by a court of competent jurisdiction, the Marion County Court of Common Pleas, by an agreed dismissal entry.

{¶ 11} Under these facts, I would look to the decision of the Seventh District Court of Appeals in *Vincent v. Wheeling Pittsburgh Steel Corp.*, 7th Dist. No. 99-JE-7 (July 27, 1999), in finding that the dismissal entry was sufficient to constitute "some evidence" in support of the Commission's decision to deny the surviving spouse her decedent's benefits. In *Vincent*, it was the decedent who had pursued an appeal of the denial of workers' compensation benefits. He died before the appeal could be finally decided. His surviving spouse sought his benefits on the same basis as he had appealed, and no res judicata or collateral estoppel were found to bar her claims. In noting that his prior claims remained unsettled, the Seventh District court stated:

> [G]iven the fact that Mr. Vincent died prior to prosecuting his appeal, it cannot be said that the issues raised in his workers' compensation claim were actually and directly litigated *or that a valid, final judgment rendered upon the merits was made by a court of competent jurisdiction.*

(Emphasis added.) *Id.* In relator's case, the decedent's claims *were* decided upon the merits after his death but before relator filed her motion, even though such claims were not fully litigated. Some seven months after decedent's death, an agreed judgment entry dismissing the appeal and finding for the Commission on the appeal's merits was entered by the Marion County Court of Common Pleas, a court of competent jurisdiction. This constitutes "some evidence" upon which the Commission could rely in denying relator's

claim for the decedent's workers' compensation benefits from the period of March 28, 2013 until his death. Because the standard of "some evidence" that binds our review does not quantify "how much" evidence is some evidence, I concur with the majority in its decision.

{¶ 12} I would find that relator is not entitled to a writ of mandamus, because we find some evidence on which the Commission based its decision that being a valid, final judgment rendered upon the merits of decedent's similar claim that was made by a court of competent jurisdiction. I would therefore adopt the Magistrate's Decision as to the findings of fact but reject its conclusions of law, denying the writ of mandamus for the reasons stated in this concurring decision.

_____

[Cite as *State ex rel. Sanders v. Indus. Comm.*, 2016-Ohio-7704.]

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Nancy E. Sanders, | : | |
| Relator, | : | |
| v. | : | No. 15AP-496 |
| Industrial Commission of Ohio and Wyandot, Inc., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

---

### MAGISTRATE'S DECISION

#### Rendered on January 29, 2016

---

*The Bainbridge Firm, LLC*, and *Carol L. Herdman*, for relator.

*Michael DeWine*, Attorney General, and *Stephen D. Plymale*, for respondent Industrial Commission of Ohio.

*Kegler, Brown, Hill & Ritter Co., L.P.A.*, *David M. McCarty*, *Randall W. Mikes*, and *Katja Garvey*, for respondent Wyandot, Inc.

---

### IN MANDAMUS

{¶ 13} Relator, Nancy Sanders, the spouse of Thomas Sanders ("decedent"), has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied her request for accrued temporary total disability ("TTD") compensation following the death of decedent, and ordering the commission to find that she is entitled to that compensation.

Findings of Fact:

{¶ 14} 1.  Decedent sustained a work-related injury on April 1, 2012 while working for respondent, Wyandot, Inc. ("Wyandot"), and his workers' compensation claim was originally allowed for the following conditions:  "LEFT KNEE SPRAIN, LEFT TIBIAL PLATEAU FRACTURE."

{¶ 15} 2.  Decedent received a period of TTD compensation which was terminated following the March 28, 2013 hearing before a staff hearing officer ("SHO"), who found that relator's then-allowed conditions had reached maximum medical improvement ("MMI").

{¶ 16} 3.  On August 7, 2013, decedent filed a C-86 motion with the commission requesting that his claim be additionally allowed for "LATERAL TIBIAL PLATEAU CHONDROMALACIA and LEFT KNEE HYPERTROPHIC FAT PAD SYNOVITIS."

{¶ 17} 4.  A hearing was held before a district hearing officer ("DHO") on September 17, 2013.  The DHO denied the request.

{¶ 18} 5. Decedent appealed and the matter was heard before an SHO on October 31, 2013.  At that time, the SHO determined that decedent's claim should be additionally allowed for lateral tibial plateau chondromalacia and left knee hypertrophic fat pad synovitis.

{¶ 19} 6.  Wyandot's appeal was refused by order of the commission mailed November 27, 2013.

{¶ 20} 7.  In December 2013, following the allowance of the additional conditions and the refusal of Wyandot's appeal, decedent filed a C-86 motion requesting the payment of TTD compensation beginning March 28, 2013.

{¶ 21} 8.  On February 25, 2014, decedent filed an application for the determination of percentage of permanent partial disability ("PPD") based on all the allowed conditions and, in a tentative order dated March 7, 2014, the administrator granted decedent a five percent PPD award.

{¶ 22} 9.  In February 2014, Wyandot timely filed a notice of appeal from the commission's order additionally allowing decedent's claim in the Marion County Court of Common Pleas pursuant to R.C. 4123.512.

{¶ 23} 10. The decedent died on March 6, 2014, at 54 years of age, apparently for reasons unrelated to the work-related injury.

{¶ 24} 11. In a letter dated March 7, 2014, counsel for decedent notified the commission of decedent's death, dismissed without prejudice decedent's request for TTD compensation, and asked to cancel the hearing scheduled for March 10, 2014.

{¶ 25} 12. On October 9, 2014, relator, as the surviving spouse and dependent of decedent, filed a motion pursuant to R.C. 4123.60 for the payment of the accrued TTD compensation payable to decedent from March 28, 2013 to the date of his death, March 6, 2014. Relator's motion was supported by the same evidence decedent had originally submitted in support of his motion for TTD compensation.

{¶ 26} 13. On October 28, 2014, a dismissal entry was filed in the employer's appeal in the Marion County Common Pleas Court. That entry specifically states:

> [W]ith the Plaintiff's death, neither the Plaintiff nor the Administrator of the Bureau of Workers' Compensation can establish Plaintiff's entitlement to participate in the Workers' Compensation Fund for these medical conditions.
>
> Accordingly, judgment is hereby rendered in favor of Defendant Wyandot, Inc. Plaintiff is found not entitled to participate in the Ohio Workers' Compensation Fund, in Claim No. 12-814433, for either "lateral tibial plateau chondromalacia" or "left knee hypertrophic fad pad synovitis."

{¶ 27} 14. Relator's motion for accrued compensation was heard before a DHO on December 16, 2014. The DHO considered whether the relevant moment in time to be used to determine whether relator was entitled to an award of compensation was the date of decedent's death (March 6, 2014), or the date of the hearing (December 16, 2014). The DHO determined that, as of the date of decedent's death (March 6, 2014), the claim was allowed for the additional conditions; however, as of the date of the hearing (December 16, 2014), the Marion County Court of Common Pleas had specifically determined that decedent was not entitled to participate in the workers' compensation claim for either lateral tibial plateau chondromalacia or left knee hypertrophic fat pad synovitis. The DHO found the date of the hearing controlling and denied relator's motion.

{¶ 28} 15. Relator appealed and the matter was heard before an SHO on February 2, 2015. After determining that relator had timely filed her motion within the one-year period prescribed by R.C. 4123.60, the SHO likewise relied on the dismissal entry filed in the Marion County Court of Common Pleas finding that decedent was not entitled to participate in the workers' compensation fund for the additional conditions. Specifically, the SHO reasoned:

> The Staff Hearing Officer finds that pursuant to R.C. 4123.60, the Staff Hearing Officer finds that the decedent would have been lawfully entitled to have <u>applied</u> for an award at the time of his death. There is no dispute that the C-86 Motion for accrued compensation that was filed on 10/09/2014 was timely filed within one year of the date of death as required by R.C. 4123.60. The C-84 Request for Temporary Total Compensation was signed by the Injured Worker/decedent on 01/06/2014 and was filed on 10/09/2014. The C-84 was supported by the MEDCO-14 Physician's Report of Workability report of B. Rodney Comisar, M.D., dated 02/17/2014. The Staff Hearing Officer notes that R.C. 4123.60 indicates that the accrued benefits applied for may, after satisfactory proof to warrant an award and payment, be awarded and paid in an amount not exceeding the compensation which the decedent might have received but for his death, for the period prior to the date of his death. The Staff Hearing Officer notes that the determination as to the decedent's entitlement to payment of temporary total disability compensation from 03/28/2013 through 03/06/2014 is being determined at hearing on 02/02/2015.
>
> The Staff Hearing Officer notes that as of the date of this determination, the claim has been specifically disallowed for the conditions of the lateral tibial plateau chondromalacia and the left knee hypertrophic fat pad synovitis. The Employer had originally appealed the allowance of those conditions into the Court of Common Pleas. The Employer's Appeal did not abate with the death of the injured Worker/decedent. In a judgment dated 10/28/2014, a Marion County Court of Common Pleas determined that the conditions of the lateral tibial plateau chondromalacia and left knee hypertrophic fat pad synovitis to be disallowed in this claim. As such, the Staff Hearing Officer finds no basis on which to now award the payment of temporary total disability compensation as accrued compensation for the period of 03/28/213 through 03/06/2014. To order this compensation paid on today's date

> would be to ignore the fact that compensation is being ordered paid for conditions which are no longer allowed conditions in this claim. As such, the request for payment of accrued temporary total disability compensation is denied.
>
> The Staff Hearing Officer has reviewed and considered all the evidence on file prior to rendering this decision. The Staff Hearing Officer relies on R.C. 4123.60, as well as on the judgment entry from the Marion Court of Common Pleas, as contained in the claim file, in rendering this decision.

(Emphasis sic.)

{¶ 29} 16. In an order mailed March 12, 2015, relator's appeal was refused.

{¶ 30} 17. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 31} For the reasons that follow, it is this magistrate's decision that this court should issue a writ of mandamus.

{¶ 32} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 33} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 34} At the time of decedent's death, his claim was allowed for the additional conditions of lateral tibial plateau chondromalacia and left knee hypertrophic fat pad synovitis. Before he died, decedent filed a motion seeking the payment of TTD compensation beginning March 28, 2013. But for his death, decedent could have been paid TTD compensation during the pendency of Wyandot's appeal. If Wyandot would have been successful on appeal and decedent denied the right to participate for those conditions, he would have been allowed to keep the compensation. This overpayment would have been recouped by Wyandot either through reimbursement from the surplus fund or by deductions from any future compensation paid to decedent.

{¶ 35} Under R.C. 4123.60, a dependent surviving spouse is lawfully entitled to apply for her husband's TTD award within one year of his death. R.C. 4123.60 specifically provides in part:

> If the decedent would have been lawfully entitled to have applied for an award at the time of his death the administrator may, after satisfactory proof to warrant an award and payment, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death, to such of the dependents of the decedent, or * * * as the administrator determines in accordance with the circumstances in each such case, but such payments may be made only in cases in which application for compensation was made in the manner required by this chapter, during the lifetime of such injured or disabled person, or within one year after the death of such injured or disabled person.

{¶ 36} It is undisputed that relator's request for TTD compensation was timely filed. Both hearing officers focused on the dates of their respective hearings (December 16, 2014 and February 2, 2015). At the time of the hearings, the Marion County Court of Common Pleas had determined that, due to decedent's death and his then inability to prove anew that he was entitled to participate in the workers' compensation fund for those additional conditions, decedent was not entitled to participate for either of those two conditions. As such, both hearing officers concluded that relator's timely request for TTD compensation was based on conditions for which the decedent's claim was not allowed and denied her request for TTD compensation solely on those grounds.

{¶ 37} The magistrate agrees with the parties' acknowledgment that there is no case law directly on point and that R.C. 4123.60 specifically provides that the administrator *may* award and pay to a dependent the compensation which would have otherwise been payable to the decedent. Nevertheless, the magistrate finds that the commission's reason for denying relator's request for compensation does constitute an abuse of discretion.

{¶ 38} As noted earlier in this decision, once a claimant's claim is allowed for certain conditions, an employer may still challenge in the common pleas court the claimant's right to participate in the workers' compensation fund for those allowed conditions. While the claimant has the burden of proving anew their right to participate for those allowed conditions, the claimant may apply for and be awarded benefits including compensation. Stated differently, at the time the employer files a notice of appeal, the claimant's claim is, on the one hand allowed for those conditions and, on the other hand, not yet allowed for those conditions. Because decedent was entitled to apply for TTD compensation at the time of his death, his surviving spouse, relator herein, was likewise entitled to apply for TTD compensation after he died.

{¶ 39} Relator argues that by choosing to focus on the date of the hearings instead of decedent's death, the commission essentially eviscerated the intent of R.C. 4123.60. At the time of his death, decedent's claim was additionally allowed for these conditions and there is no way to know whether or not a jury would have agreed or concluded otherwise. In ruling the way it did, the Marion County Court of Common Pleas determined the outcome by stating that decedent was not entitled to participate for those conditions without considering the evidence. The commission determined that it was bound to apply the court's conclusion as it related to relator's claim under R.C. 4123.60.

{¶ 40} R.C. 4123.95 mandates that the workers' compensation statutes be liberally construed in favor of employees and the dependents of deceased employees. Where is the liberal construction here? If only decedent would have requested TTD compensation at the same time he sought the allowance of additional conditions or relator filed her R.C. 4123.60 claim immediately after her husband died, compensation would likely have been awarded. Unfortunately, relator waited and, although her motion was timely, the Marion

County Court of Common Pleas filed its dismissal entry before a hearing was held on her motion.

{¶ 41} There is no fairness here. Although R.C. 4123.60 provides that an award may be made and the commission might find either that the medical evidence does not support the award or find that relator should not receive the entire award, it was an abuse of discretion for the commission to deny her compensation for the reason it did.

{¶ 42} Based on the foregoing, it is this magistrate's decision that the commission did abuse its discretion when it refused to consider relator's application under R.C. 4123.60 to receive the TTD compensation to which decedent may have been entitled at the time of his death based solely on the fact that the Marion County Court of Common Pleas determined that decedent's death was equivalent to finding that he was not entitled to participate for those conditions. This court should issue a writ of mandamus remanding this matter to the commission for it to determine the merits of relator's request for TTD compensation and to determine whether or not any such compensation will be paid to her.

/S/ MAGISTRATE
STEPHANIE BISCA

## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).